Joe F. VRAZEL, Petitioner,

v.

J.M. SKRABANEK, Respondent.

No. C–5749.

Supreme Court of Texas.

Feb. 25, 1987.

Rehearing Denied April 1, 1987.

Jimmy Phillips, Jr., Angleton, for petitioner.

Stephen Weeks, Stafford, for respondent.

KILGARLIN, Justice.

This suit involves a claim for actual and punitive damages allegedly suffered as a result of the wrongful obstruction of an easement and use of an improved road. Based upon the jury's verdict, the trial court rendered judgment for the plaintiff, Joe Vrazel, against J.M. Skrabanek. The court of appeals, in an unpublished opinion, reversed the trial court's judgment, finding no evidence that the obstructed improved road was located on a dedicated easement nor that the plaintiff had obtained an easement by prescription over the improved road. We reverse the judgment of the

court of appeals and affirm that of the trial court.

The improved road and easement are located in the west one-half of the Henry Austin League Number 4 survey in Brazoria County. Lots 19 through 27 of that survey are owned by Skrabanek. Lot 28 in the far northeast corner of the survey belongs to Everett J. Lanik. Lanik leases lot 28 to Vrazel.

County Road 210 runs along the western border of the Henry Austin survey. The dedicated easement at issue runs from this county road through the center of the survey. It is through this dedicated easement that access to lot 28 in the northeast corner is achieved.

In 1926, Fred Fief, Lanik's predecessor in title, purchased lot 28. A year later, Fief leveled and graded a dirt road, which he believed to be on the dedicated easement, from the county road to his lot. Eventually, with Fief's permission, Skrabanek placed a locked gate along the county road fenceline, which allowed access to the improved road. He gave Fief a key to this gate, and never prevented him from using the road.

In 1972, Fief sold the lot to Lanik. In 1976, Lanik leased lot 28 to Vrazel, and although the improved road was not discussed, Vrazel assumed he could use it. Vrazel testified that he used the improved road from 1976 until May of 1978, when Skrabanek changed the lock on the gate. Vrazel tried unsuccessfully to convince Skrabanek to unlock the gate, but to no avail. Vrazel also spoke with Skrabanek's attorney, who warned Vrazel that he would file a criminal trespass action against Vrazel if he attempted to use the road.

Vrazel had used lot 28 to grow milo. His 1978 summer crop was lost, due to his inability to farm his land or to get his equipment. Thereafter, Vrazel filed suit to recover his equipment and obtain compensation for the loss of his milo crop.

The following issues were submitted to and answered by the jury.

*Issue No. 1:* Do you find that on or about May of 1978 the Plaintiff had a right to use all of the improved road which passed through the land of the Defendant to get to Plaintiff's leased land?

\*   \*   \*   \*   \*   \*

You are further instructed that if the improved roadway in question had been in continuous and adverse use by the owner, Everett J. Lanik, and his predecessor in title continuously for more than ten (10) years, then Joe F. Vrazel would have a right to use that improved roadway in question to gain access to the lands which he leased from Everett J. Lanik.

Answer: *We do.*

*Issue No. 2:* Do you find that on or about May of 1978 and thereafter, Defendant intentionally obstructed Plaintiff's use of all of the improved road in question running through the Defendant's land that accessed Plaintiff's leased land?

Answer: *We do.*

*Issue No. 3:* Do you find that said obstruction was a proximate cause of damages to Plaintiff?

Answer: *We do.*

*Issue No. 4:* Do you find that on or about May of 1978, and thereafter, Defendant intentionally obstructed the Plaintiff's use of the dedicated easement running through the Defendant's lands that accessed Plaintiff's leased land?

\*   \*   \*   \*   \*   \*

You are further instructed that if a road is dedicated on a plat of a subdivision recorded in the County Clerk's Office where the land is located, then the owners of any lots which adjoin that roadway have the right to use that roadway for access to and from their respective lot.

Answer: *We do.*

*Issue No. 5:* Do you find that said obstruction was a proximate cause of damages to Plaintiff?

Answer: *We do.*

Issue 6 inquired as to damages. The jury awarded damages to Vrazel for loss of crop value, loss of use of equipment, monies paid for leasing the land, loss of credit

rating, and mental anguish. Issues 7 and 8 were exemplary damage issues, which the jury answered favorably for Vrazel. A judgment of $60,000 was rendered for Vrazel.

■ The court of appeals, in reversing the judgment of the trial court, held that there was no evidence that the obstructed improved road was located on the dedicated strip. It also held that Vrazel had not obtained an easement by prescription over the improved road. Vrazel first contends that an easement by prescription does exist over the improved road due to the continuous use of the road for over fifty years. In *Othen v. Rosier*, 148 Tex. 485, 226 S.W.2d 622 (1950), this court held that the use by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription. Since Skrabanek allowed access to the improved road until May 1978, Vrazel, his lessor Lanik, and Lanik's predecessor in title, Fief, did not hold the easement adverse to Skrabanek. Furthermore, since both Skrabanek and Vrazel used the road, the exclusiveness requirement of *Brooks v. Jones*, 578 S.W.2d 669, 673 (Tex.1979), has not been met. Therefore, the court of appeals correctly held there was no evidence of an easement by prescription.

However, Vrazel also argues to this court that the jury's answers to issues 4 and 5 will support the judgment rendered by the trial court, and that he is therefore entitled to prevail. Skrabanek contends that these jury findings were supported by no evidence.

It was stipulated at trial that there was a dedicated easement that ran from County Road 210 to lot 28. This dedicated easement was shown on a plat and adjoined lot 28. It gave the lessor the right to use the easement for ingress and egress to the land in question. Expert testimony of a surveyor established that the recorded location of the platted easement was several feet to the east of the improved road. Skrabanek stipulated that he had fenced off all or a portion of the platted easement. Development of this testimony revealed that the platted easement was blocked by a dike, a pump station with an eight-foot cyclone fence, and a twenty-four inch pipe.

■ It is undisputed that Vrazel had a right to use the platted easement. Furthermore, Skrabanek admitted that the easement was rendered unusable by various obstructions maintained by him. Therefore, some evidence existed to support the jury finding that Skrabanek intentionally obstructed the use of the platted easement.

Skrabanek further contends that any finding of an obstruction of the platted easement is erroneous since Vrazel never attempted to use this as a means of ingress or egress. Therefore, we are called upon to determine the consequences to Skrabanek of obstructing a platted easement which had not been in use for over fifty years. Vrazel argues that since Skrabanek blocked the platted easement, allowed the use of the road running parallel to the place where the easement lay, and allowed persons using it to rely on its use, believing it to be the platted road, he should be estopped from denying the use of the improved road at least until such time as he removes the obstructions he has placed on and around the platted easement. We agree.

■ Each case in which estoppel is sought to be applied must rest upon its own facts. *Barfield v. Howard M. Smith Co. of Amarillo*, 426 S.W.2d 834 (Tex. 1968). Its purpose is to prevent injustice. *Roberts v. Haltom City*, 543 S.W.2d 75 (Tex.1976). The general rule is that estoppel in pais may be invoked against a party only when he has failed to do that which he has a duty to do. *Liberty State Bank v. Guardian Savings & Loan Ass'n*, 127 Tex. 311, 94 S.W.2d 133 (1936).

In *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 207 (Tex.1963), this court stated: "[t]he owner of the servient estate simply may not interfere with the right of the owner of the dominant estate to use the servient estate for the purpose of the easement." Therefore, Skrabanek had a duty to keep the platted easement free from interference. By failing in that duty, an estoppel may be invoked against him. It

has also been held "that the location of a public easement may be changed with the express or *implied consent* of both interested parties and an *estoppel* to claim a former location to be the true one arises from acquiescence in a change" (emphasis added). *Dortch v. Sherman,* 212 S.W.2d 1018, 1021 (Tex.Civ.App.—Amarillo 1948, no writ).

██ It is undisputed that Vrazel was entitled to an easement over Skrabanek's property. Skrabanek knew Vrazel's use of the platted easement was not possible due to various obstructions. Skrabanek consented to Vrazel's use of the improved road. Vrazel's use of the improved road was given in lieu of Vrazel's exercise of his right to bring an injunction against Skrabanek to remove the obstructions. *City of Mission v. Popplewell,* 156 Tex. 269, 294 S.W.2d 712 (1956). Therefore, the location of the easement was changed with the consent of both Skrabanek and Vrazel. Once exchanged, Skrabanek was estopped to claim the platted easement to be the true one.

The judgment of the court of appeals is reversed. As Skrabanek urged no factual insufficiency points in that court as to issues 4 and 5, the judgment of the trial court is affirmed.