**Jane D. WILSON, Appellant,**

v.

**Joe S. McGUFFIN, Appellee.**

**No. 13–87–350–CV.**

Court of Appeals of Texas,
Corpus Christi.

April 21, 1988.

Rehearing Denied May 19, 1988.

Tom Beasley, Beasley, Beasley & Moore, Beeville, for appellant.

Michael C. Sartori, George West, for appellee.

Before NYE, C.J., and BENAVIDES and KENNEDY, JJ.

## OPINION

BENAVIDES, Justice.

Appellant, Jane Wilson, appeals the trial court's injunctive order restraining her from impeding the use of a road running across her land to appellee Joe McGuffin's neighboring land. The trial court found in its findings of fact and conclusions of law that appellee owned an easement across appellant's land. Appellant challenges the legal and factual sufficiency of the evidence to support those findings. We agree with appellant that the evidence is legally insufficient to support the finding of an easement and reverse and render judgment.

The dispute concerns two tracts of land in Live Oak County, Texas, both bordering on Lake Corpus Christi. Appellee owns a tract of land (the McGuffin tract) which has largely been submerged since the lake's formation about 30 years ago, and this portion of the tract now exists as a peninsula surrounded by the lake on three sides and by appellant's land (the Wilson tract) to the north, as shown.

Public Highway

Wilson Tract

Nueces River

Claimed Easement

Willow Creek

McGuffin Tract

Map depicts area before flooding.

Shaded area represents land remaining since formation of Lake Corpus Christi.

For many years (the exact duration is unclear), access to the McGuffin tract has been obtained by a road across the Wilson tract branching from a public highway bordering the Wilson tract to the north. At least since the formation of the lake, this road has been the only overland route available to users of the McGuffin tract, including appellee, his guests and tenants, and the general public. Their use of the road was never impeded until 1983, when appellant's husband, James Wilson (who died leaving appellant as his successor in interest), posted notice that he planned to close the road across his land.

Appellee successfully sued for injunctive relief preventing the closing of the road. The trial court's conclusions of law indicate that the court found that three types of easements existed: (1) an easement by necessity; (2) an easement by prescription; and (3) an easement by estoppel. Wilson

brings evidentiary attacks against these conclusions.

To fully analyze the arguments on appeal, an understanding of the ownership history of the two tracts of land is necessary. A partial abstract of title was introduced into evidence. According to it, prior to 1901, long before the flooding of the area for the formation of Lake Corpus Christi, the two tracts of land were owned by one person. In 1901, lands containing the two tracts were severed from each other. The McGuffin tract was eventually sold to appellee's uncle in 1916, and the Wilson tract was sold to appellee's grandfather in 1921. The abstract ceases at this point.

According to appellee's live and deposition testimony, the Wilson tract was eventually owned by appellee's father and three

aunts, who sold the land to Mr. Wilson, appellant's husband, in 1942. Appellee's uncle conveyed the McGuffin tract as a gift to appellee's mother and father, and around 1980 or 1981 the land became appellee's through inheritance.

When Lake Corpus Christi was formed, appellee, his mother, and other family members executed an easement to the local water district to flood all but about fourteen acres of the McGuffin tract, resulting in the current situation as represented by the shaded area of the map. Appellee's family was compensated for the easement.

Appellant's six points of error all concern the factual and legal sufficiency of the evidence. When assessing legal and factual sufficiency of the evidence points of error, we will follow the well-established test recently reaffirmed in *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 633–35 (Tex.1986). The burden of proof is on the party claiming the easement to prove the requisite elements. *Villa Nova Resort, Inc. v. State*, 711 S.W.2d 120, 125 (Tex.App.—Corpus Christi 1986, no writ).

### 1. EASEMENT BY NECESSITY

■ Appellant's first point of error asserts that there was no evidence or insufficient evidence to support an easement by necessity.

Texas law establishes that when a grantor conveys part of a tract of land while retaining the remaining acreage, an implied reservation of a right of way by necessity over the land conveyed exists if there is no other access to the land. *Koonce v. J.E. Brite Estate*, 663 S.W.2d 451, 452 (Tex. 1984). Three elements must exist to establish an implied easement by necessity: (1) unity of ownership prior to separation; (2) access must be a necessity and not a mere convenience; and (3) *the necessity must exist at the time of the severance of the two estates. Id.*

The two tracts of land here at issue were last owned by the same person in 1901. Although there is no dispute that the only currently available land passage to the McGuffin tract is across the Wilson tract, appellant claims there is no evidence or insufficient evidence to show the road was a necessity *at the time of severance* in 1901.

We agree with appellant. There was simply no evidence presented that, at the time of severance, a necessity existed for the road in question, or that the road even existed in 1901. None of the witnesses testified to circumstances as they existed in 1901, the time of severance. As evidence of events prior to 1901, appellee points to a conclusory statement in an affidavit by his brother, filed in response to appellee's unsuccessful motion for summary judgment, in which he states that "old timers recalled that [the road] was there when the lands were contained in one large ranch." The affidavit was never offered into evidence at trial, however, and the hearsay statement in it is extremely weak evidence in any event. Thus, there is no evidence that the road in question was a necessary one at that time.

Moreover, even had McGuffin's evidence established that the road existed in 1901, it still did not show a necessity. Before it was flooded, the McGuffin tract was a triangular parcel of land bounded on two sides by streams and by appellant's land to the north (see map). According to appellee, who testified to facts as they existed long after 1901, access to the tract was available over one of the streams, the Nueces River (the "river road"), except in periods of very wet weather, when the road in dispute (the "high ground" road) had to be used. McGuffin argues that since the river road could not always be used, the high ground road was a necessity. We disagree with this logic. Nearly every road can be impassable at one time or another, which does not render an alternative route a necessary one other than for a limited time. The high ground road was a mere convenience for most of the time, and cannot be said to amount to a *necessary* one in the sense of an easement by necessity.

In short, we find no evidence to support the elements for an easement by necessity. McGuffin failed in his burden of proof. We sustain appellant's first point of error.

## 2. EASEMENT BY PRESCRIPTION

■ Appellant's second point of error attacks the trial court's granting injunctive relief based on a finding of an easement by prescription.

An easement by prescription is established in a manner similar to adverse possession of land. One must use someone else's land in a manner which is open, notorious, continuous, exclusive, and adverse for the requisite period of time, ten years in this case. *Brooks v. Jones*, 578 S.W.2d 669, 673 (Tex.1979); *Villa Nova Resort, Inc.*, 711 S.W.2d at 127. "(W)hen a landowner and the claimant both use the same way, the use by the claimant is not exclusive of the owner's use and therefore will not be considered adverse." *Brooks*, 578 S.W.2d at 673; *accord, Vrazel v. Skrabanek*, 725 S.W.2d 709, 711 (Tex.1987).

As appellant points out, there was no evidence the Wilsons were denied use of the road. In fact, the evidence showed just the contrary.

In his deposition, appellee admitted the road was used by tenants of the Wilsons who rented lots along the lake, which other testimony supported. Appellee's brother also testified by deposition that the Wilsons had never been excluded from using the road. Additionally, the evidence established that both appellee and Mr. Wilson maintained the road.

Since it is uncontroverted that both sides freely used the road, there is no evidence of an exclusive use. No easement by prescription was formed. We sustain appellant's second point of error.

Wilson's third point of error involves easement by public dedication, a theory pled by McGuffin but not used by the trial court as a basis for its judgment. Appellee concedes in his brief that the judgment is not supportable on this theory, so we do not address the merits of this point of error.

## 3. EASEMENT BY ESTOPPEL

■ Wilson's fourth point of error attacks the final leg supporting the judgment, asserting that no evidence was presented to establish an easement by estoppel.

The Supreme Court dealt extensively with easements by estoppel in *Storms v. Tuck*, 579 S.W.2d 447 (Tex.1979). Being an equitable doctrine, easement by estoppel has not been clearly defined and its application greatly depends upon the unique facts of each case. Like most estoppels, the essential requirements of an easement by estoppel is that there be a *misrepresentation* communicated to and relied on by an innocent party to his or her detriment. *Id.* at 452; *see also Vrazel*, 725 S.W.2d at 71.

Appellee acknowledges that the Wilsons made no overt misrepresentations about the nature of the road, but argue that silence itself can be a form of misrepresentation. This arises where a person is under a *duty to speak* to another but does not do so, causing the other to act in reliance on a mistaken understanding of the facts. *Storms*, 579 S.W.2d at 452.

Appellee seeks to invoke the doctrine in an unusual fashion. The doctrine holds that the owner of land may be estopped to deny the existence of an easement by making fraudulent representations to a *purchaser of land* from the wrongdoer. *Id.* at 451. Here, however, appellee did not acquire his tract of land from the Wilsons; but even if easement by estoppel could properly be applied to non-vendor/vendee relationships, the evidence reveals that no fraud was perpetrated on appellee.

Appellee's theory is that the Wilsons had a duty to speak up about the permissive nature of the road when they saw tenants on appellee's land make substantial and costly improvements on the McGuffin tract over the past fifteen to twenty years.

First, we note that there is very little evidence that the Wilsons knew appellee's tenants (actually, the tenants rented from a man who leased the land from appellee) were making substantial improvements. Appellant testified she had no knowledge of improvements on the McGuffin tract, and none of the plaintiff's witnesses testified that the Wilsons were so aware.

Second, there is no duty to speak if the other party has equal access to the facts. *Id.* at 452. To invoke the doctrine of equitable estoppel, the innocent party must be without knowledge or the means of acquiring it of facts alleged to be misrepresented by the defendant. *Barfield v. Howard M. Smith Co.,* 426 S.W.2d 834, 838 (Tex.1968).

When appellee's grandfather and his sisters sold what is now called the Wilson tract to Mr. Wilson, appellee's grandfather executed an affidavit stating that the use of the road in question by owners of the McGuffin tract (then known as the Powers tract) was permissive only. This affidavit was filed in the deed records of Live Oak County, only a few pages after the warranty deed conveying the land to Mr. Wilson was filed. Clearly, appellee could have ascertained that the claimed right of way was considered to be permissive by the landowner, at least as of 1942.

Finally, if Wilson had a duty to inform McGuffin that he considered McGuffin's use of the road to be permissive only, he satisfied this duty in 1967, before major improvements had begun by tenants on the McGuffin tract. In response to a telephone request by appellee to install cattle guards on the road, Wilson, an attorney, informed appellee by letter that he was granting his *permission* to do so, and referred to the affidavit mentioned above, including the citation to the deed records. A similar letter was sent in 1981 concerning appellee's desire to spread caliche along the road. This was apparently the extent of the discussion between the two men concerning the nature of the road. Appellee testified the subject really did not arise when the two men occasionally met.

There is no evidence to find that Wilson made misrepresentations either verbally or by his silence. Accordingly, an easement by estoppel is not supported by the evidence. We sustain appellant's fourth point of error.

Appellant's fifth point of error generally restates her other points by asserting error in the trial court's findings of fact and conclusions of law. This point of error and argument is essentially redundant of her earlier points, three of which we have sustained, so we do not address this point of error.

Appellant's sixth and final point asserts error in the trial court's refusal to quiet title to the disputed roadway across appellant's land in her favor. Appellant pled for quiet title in a counterclaim. Since we agree with appellant that appellee put forth no evidence to support his claims of easement, we agree that title should be quieted in appellant's favor.

The judgment is REVERSED and RENDERED that title to the disputed roadway be quieted in appellant's favor, free and clear of any easement.