Schilhab, et al. v. Dierlam











 




NUMBER 13-03-00185-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

GERALD SCHILHAB, 
MRS. C. B. WRIGHT,
MARY WRIGHT, 
CARL WILLIAMS, AND
CARROLL EDGE,                                                                       Appellants,

v.

VIRGINIA DIERLAM,                                                                      Appellee.
                                                                                                                       

On appeal from the 135th District Court of Victoria County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Hinojosa
 
          Appellee, Virginia Dierlam, filed the underlying suit in the district court of Victoria
County seeking declaratory and injunctive relief to bar appellants, Gerald Schilhab, C. B.
Wright, Mary Wright, Carl Williams, and Carroll Edge, from using a roadway on her
property. The trial court declared that appellants had no right of easement over the
roadway and granted summary judgment in favor of appellee. In a single issue, appellants
contend the trial court erred in granting appellee’s motion for summary judgment because
there exists: (1) an easement by estoppel, (2) an easement by prescription, or (3) an
easement by implied dedication to public use. We affirm the trial court’s order granting
summary judgment.
A. Factual Background
          Appellee is the owner of a 1,379.98 acre tract of land out of a larger tract known as
the “McFadden Ranch.” Appellants own property that is adjacent to the McFadden Ranch. 
Until 1913, the San Antonio River was the southwest boundary line of the McFadden
Ranch. In approximately 1903, appellee’s predecessor in title, J.M. McFadden, made
changes to the river bank and dammed up the mouth of nearby Cushman Bayou. In 1913,
a substantial flood occurred in the area. The lands on the southwest side of the river were
flooded and the flow of the San Antonio River was altered. As a result of this change in
direction, several landowners’ access to their lands was blocked by the river.
          A lawsuit by several of the landowners adjoining the McFadden Ranch followed. 
These landowners claimed that as a result of McFadden’s changes to the river bank, their
properties were damaged. After the conclusion of the trial of the lawsuit,


 the parties
entered into a settlement agreement which called for the payment of various amounts to
the plaintiff landowners.
          After the river course was changed by the flood, appellants and their predecessors-in-title began using a roadway through the McFadden Ranch for ingress and egress to their
property. Appellants and their predecessors-in-title used the subject roadway from
approximately 1913 until 1977 without any complaint or restriction from the various owners
of the McFadden Ranch. Appellants and their predecessors-in-title used the subject
roadway during the management of the ranch by J.M. McFadden, his son, A.M. McFadden,
his grandson, Claud McCan, and his great-grandson, C.K. McCan, Jr. In 1977, C.K.
McCan, Jr. locked a gate across the road temporarily, but then reopened access to
appellants and their predecessors.
          After acquiring title to the ranch, appellee continued allowing appellants access to
the roadway for approximately ten years. However, problems arose regarding appellants’
alleged abuse of the roadway. Unable to resolve these problems, appellee instructed her
attorney to notify appellants that she was withdrawing her permission to use the road. 
Appellee then blocked appellants’ access to the roadway and filed the underlying suit.
B. Standard of Review
          We review the grant of a traditional motion for summary judgment de novo. See
Natividad v. Alexsis, Inc., 875 S.W.2d 695, 699 (Tex. 1994); Tex. Commerce Bank-Rio
Grande Valley v. Correa, 28 S.W.3d 723, 726 (Tex. App.–Corpus Christi 2000, pet.
denied). To prevail on a traditional motion for summary judgment and place the burden
on the nonmovant to raise a genuine issue of material fact, the movant must conclusively
establish, by proper summary judgment evidence, all essential elements of the claim. 
MMP, Ltd. v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). The movant has the burden of
showing that there is no genuine issue of material fact and that she is entitled to judgment
as a matter of law. Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez, 819 S.W.2d 470,
471 (Tex. 1991). In deciding whether there is a genuine issue of material fact, all evidence
favorable to the nonmovant will be taken as true, and all reasonable inferences made, and
all doubts resolved, in the nonmovant’s favor. Am. Tobacco Co. v. Grinnell, 951 S.W.2d
420, 425 (Tex. 1997). The nonmovant has no burden to respond to a traditional motion
for summary judgment unless the movant conclusively establishes its cause of action or
defense. M.D. Anderson Hosp. & Tumor Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).
C. Permissive Easement
          Appellants contend the trial court erred in granting appellee’s motion for summary
judgment because appellee failed to establish that the use of the roadway was permissive
as a matter of law. In support of her motion for summary judgment, appellee attached
copies of various documents evidencing her ownership of the property and an affidavit
detailing the permissive use of the roadway. According to the affidavit, appellee allowed
appellants to use the roadway for a period of years, after which she, by letter, withdrew her
permission to use the road. Copies of the letters from appellee’s attorney to appellants,
revoking permission, were also attached.
          In response, appellants produced copies of various papers pertaining to the Morrow
v. McFadden lawsuit, none of which specifically address the road or easement in question. 
Appellants offered no evidence in support of their claim that “if the right to use the roadway
was a permissive easement, it was due to the permission of J.M. McFadden before his
death in 1916.”
          Uncontroverted evidence from an interested witness is sufficient to establish a
matter conclusively if the evidence is clear, positive and direct, otherwise credible and free
from contradictions and inconsistencies, and could have been readily controverted. Tex.
R. Civ. P. 166a(c); Casso v. Brand, 776 S.W.2d 551, 558 (Tex. 1989). Here, it is
undisputed that appellee owned the property in question. Further, appellee’s summary
judgment evidence established the absence of any express conveyance or grant of an
easement made to appellants by her predecessors-in-title. Appellee further established
her revocation of any permission to use the roadway across her property. Because an
easement is considered an interest in land, the creation and transfer of that interest are
subject to the statute of frauds, unless an easement is imposed by operation of law. Drye
v. Eagle Rock Ranch, Inc., 364 S.W.2d 196, 203 (Tex. 1962). Without an express
conveyance or grant of an easement sufficient to satisfy the statute of frauds, the burden
shifted to appellants to bring forth evidence raising a question of fact as to whether an
easement had been created by other means.
D. Easement by Estoppel
          Appellants also contend that the continued use of the roadway created an easement
by estoppel. Appellants assert that their rights to the roadway were established before
appellee took possession of the property, and that appellee is bound by the acts of her
predecessors.
          The doctrine of easement by estoppel has not been clearly defined, and its
application depends on the unique facts of each case. Stallman v. Newman, 9 S.W.3d
243, 246 (Tex. App.–Houston [14th Dist.] 1999, pet. denied). “The doctrine of equitable
estoppel or estoppel in pais is grounded on the condition that justice forbids one to gainsay
his own acts or assertions.” Wallace v. McKinzie, 869 S.W.2d 592, 595 (Tex.
App.–Amarillo 1993, writ denied). Essentially, estoppel in pais holds that the owner of a
servient estate may be estopped to deny the existence of an easement by making
representations that have been acted upon by the owner of the dominant estate. Drye,
364 S.W.2d at 209. The doctrine operates as an exception to the statute of frauds, which
requires a writing for all transactions involving land in order to prevent injustice and protect
innocent parties from fraud. Storms v. Tuck, 579 S.W.2d 447, 451 (Tex. 1979). Each case
in which equitable estoppel is sought to be applied must rest upon its own facts. Mack v.
Landry, 22 S.W.3d 524, 528 (Tex. App.–Houston [14th Dist.] 2000, no pet.); North Clear
Lake Dev. Corp. v. Blackstock, 450 S.W.2d 678, 684 (Tex. Civ. App.–Houston [14th Dist.]
1970, writ ref’d n.r.e.). Application of the doctrine has been “rare and nebulous” in
circumstances other than the three circumstances described by the Texas Supreme Court
in Drye: (1) a dedication of a street, alley, or square; (2) an owner selling land with
reference to a map or plat; and (3) a seller of land who allows its purchaser to expend
money on an alleged “servient” estate. Scott v. Cannon, 959 S.W.2d 712, 720 (Tex.
App.–Austin 1998, pet. denied); see also Drye, 364 S.W.2d at 209-10. None of these
circumstances exist here.
          Three elements are necessary to create an easement by estoppel: (1) a
representation communicated, either by words or action, to the promisee; (2) the
communication was believed; and (3) the promisee relied on the communication. Storms,
579 S.W.2d at 452; Stallman, 9 S.W.3d at 246. An easement by estoppel is binding on
the successors in title to the servient estate if reliance upon the existing easement
continues. Holden v. Weidenfeller, 929 S.W.2d 124, 131 (Tex. App.–San Antonio 1996,
writ denied).
          Here, appellants assert that appellee’s predecessors-in-title “made various
representations to [appellants] upon which they have relied.” However, appellants
produced no summary judgment evidence to support their assertion that representations
of the existence of an easement on the McFadden Ranch were ever communicated to
appellants or their predecessors-in-title by appellee or her predecessors-in-title. 
Additionally, while it is undisputed that appellants have made improvements upon their
property, the record contains no evidence that appellants made the improvements in
reliance on any express promise.
          Instead, appellants contend that an easement by estoppel was created by the
“silence and acquiescence” of appellee and her predecessors-in-title in the face of
appellants’ and their predecessors’ use of the road. However, an easement by estoppel
may not be predicated upon passive acquiescence alone. Stallman, 9 S.W.3d at 248; see
also Scott, 959 S.W.2d at 721 (passive acquiescence “for no matter how long a period” will
not estop landowner from denying existence of easement across his land). In the absence
of a vendor/vendee relationship, there was no duty on appellee or her predecessors-in-title
to caution or warn appellants or their predecessors-in-title that they should make no
improvements upon their property without a secure right of ingress and egress appurtenant
to their land. See Roberts v. Allison, 836 S.W.2d 185, 188 (Tex. App.–Tyler 1992, writ
denied). Appellee and her predecessors made no misrepresentation, nor did they engage
in overreaching conduct by their silence; they had no duty to speak. See Wilson v.
McGuffin, 749 S.W.2d 606, 610-11 (Tex. App.–Corpus Christi 1988, writ denied). Unless
there are extenuating circumstances, such as when a claimant’s use of the land is so
extensive, open and hostile that a reasonable property owner would have voiced an
objection, see Exxon Corp. v. Schutzmaier, 537 S.W.2d 282, 285-86 (Tex. Civ.
App.–Beaumont 1976, no writ), an owner who did not sell the adjoining tract has no duty
to object to what may appear to be only a permissive license to use the property. Wilson,
749 S.W.2d at 611. Thus, the owner’s silence will not be deemed a representation that an
easement exists. Stallman, 9 S.W.3d at 246-47; Scott, 959 S.W.2d at 720-21; Roberts,
836 S.W.2d at 188; Wilson, 749 S.W.2d at 611.
          In the absence of any evidence of an express representation communicated to
appellants, we conclude that no easement by estoppel was created by appellee’s passive
acquiescence alone.
E. Easement by Prescription
          Appellants next contend that they established a prescriptive right to an easement
over appellee’s property between 1916 and 1970, when they used the road exclusively.
          A prescriptive easement may arise when a person uses the land of another for ten
years or more in a manner that is open, notorious, continuous, exclusive, and under an
adverse and hostile claim of right. Brooks v. Jones, 578 S.W.2d 669, 673 (Tex. 1979);
Scott, 959 S.W.2d at 721. In order to establish that the use is adverse and hostile, the
claimant must intend to obtain a permanent right to use the property, not merely to obtain
permission to do so. Vrazel v. Skrabanek, 725 S.W.2d 709, 711 (Tex. 1987). The owner
of the servient estate must have actual or constructive notice that there was an adverse
and hostile claim against the property. Scott, 959 S.W.2d at 721.
          Here, appellee was aware that appellants were using the property, but she
maintains that they were using it with permission. The use of property with the owner’s
express or implied permission or license cannot rise to the level of a prescriptive easement
no matter how long the use continues. Vrazel, 725 S.W.2d at 711; Othen v. Rosier, 148
Tex. 485, 226 S.W.2d 622, 626-27 (1950).
          Further, the use of the property must be shown to be exclusive, in that the claimant
excluded or attempted to exclude all other persons, especially the property owner, from
using the same land for the same purpose. Scott, 959 S.W.2d at 721-22. Evidence of a
joint use with the property owner is fatal to the claim of a prescriptive easement because
it is consistent with the owner’s having given permission for others to jointly use the land
in a non-adverse manner. Brooks, 578 S.W.2d at 673-74; Stallman, 9 S.W.3d at 246;
Wilson, 749 S.W.2d at 610; Hudson v. Gaines, 501 S.W.2d 734, 738 (Tex. Civ.
App.–Corpus Christi 1973, no writ). Here, while appellants argue that they used the road
exclusively between 1916 and 1970, they offer no evidence to support exclusive use. 
Further, appellee avers that she used the roadway in the same manner as appellants
during the permissive period.
          In the absence of evidence showing that appellants’ use of the road was under a
hostile claim of right and by a use which was exclusive of the landowner’s, we conclude
that no prescriptive easement existed.
F. Easement by Implied Dedication to Public Use
          Appellants’ final contention is that the roadway was dedicated to public use during
the first twenty-five years of the twentieth century. Appellants argue that, at one time, the
McFadden Ranch contained premises devoted to public use, and that the road was used
by the public to access those premises. Again, appellants offered no summary judgment
evidence in support of their contention.
          Use of a roadway by the general public, along with the owner of the roadway, does
not, of itself, establish a public road by prescription. Hudson, 501 S.W.2d at 738. As long
as the use of the roadway is consistent with the rights of the owner, the use will never ripen
into a prescriptive right to the public, no matter how long the road is used by the public. 
Id. (citing O’Connor v. Gragg, 161 Tex. 273, 339 S.W.2d 878, 881 (1960)).
          The record contains no evidence of an express dedication of the roadway to public
use. To show an implied dedication to public use, appellants must establish a clear and
unequivocal intention on the part of appellee or her predecessors-in-title to dedicate the
road to public use as well as the public’s acceptance of the same. Las Vegas Pecan &
Cattle Co. v. Zavala County, 682 S.W.2d 254, 256 (Tex. 1984); Greenway Parks Owners
Ass’n v. City of Dallas, 159 Tex. 46, 312 S.W.2d 235, 241 (1958); Hudson, 501 S.W.2d at
738. There is nothing in the record showing an implied dedication to public use. Absent
such evidence, appellants may not prevail on the basis of an implied dedication to public
use.
          Because appellee has established that the use of the roadway was permissive only,
and appellants have failed to present any evidence raising an issue of material fact
regarding the existence of an easement across appellee’s property, we hold the trial court
did not err in granting appellee’s motion for summary judgment. We overrule appellants’
sole issue.
 

          We affirm the trial court’s order granting appellee’s motion for summary judgment.
 
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Memorandum Opinion delivered and filed this the
12th day of August, 2004.