**Kenneth L. CLEAVER and Cynthia Cleaver, Appellants,**

v.

**Charles CUNDIFF, Appellee.**

No. 11–04–00267–CV.

Court of Appeals of Texas, Eastland.

April 13, 2006.

Opinion Overruling Rehearing June 1, 2006.

Charles R. Biddle, Holman, Robertson & Eldridge, Dallas, Zollie C. Steakley, H. Alan Carmichael, Steakley, Wetsel & Carmichael, L.L.P., Sweetwater, for appellants.

Frank W. Conard, II, Frank Conard Law Firm, Sweetwater, for appellee.

Panel consists of WRIGHT, C.J., and McCALL, J., and STRANGE, J.

## OPINION

JIM R. WRIGHT, Chief Justice.

Kenneth L. Cleaver and Cynthia Cleaver appeal from a judgment placing an easement over their land. The jury found that an easement by estoppel existed in favor of Charles Cundiff. The jury also found that the Cleavers purchased their property in good faith without knowledge of the easement. The trial court disregarded the good faith finding and entered judgment in favor of Cundiff. We affirm.

## Issues Presented

The Cleavers present six issues for review. In the first issue, they contend that the trial court erred in denying their motions for directed verdict, instructed verdict, judgment, and judgment notwithstanding the verdict because there was no evidence to establish the necessary elements of an easement by estoppel. In the second issue, the Cleavers assert that the trial court erred in refusing to enter judgment in their favor based upon the jury's finding that they were good faith purchasers. In the third issue, the Cleavers argue that the trial court erred in disregarding the jury's finding that the Cleavers were good faith purchasers. In the fourth issue, the Cleavers argue that the trial court erred in denying their motion for summary judgment. In the fifth issue, the Cleavers challenge the factual sufficiency of the evidence establishing an easement by estoppel. In their final issue, the Cleavers argue that the trial court erred and abused its discretion by not submitting the Cleavers' requested jury instruction that use alone does not establish an easement by estoppel.

## Sufficiency Standards

We will apply the following well-recognized standards to the Cleavers' challenges to the sufficiency of the evidence. In analyzing the Cleavers' no-evidence challenge, we must determine whether the evidence at trial would enable reasonable and fair-minded people to reach the verdict under review. *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex.2005). We must review the evidence in the light most favorable to the verdict, crediting any favorable evidence if a reasonable fact-finder could and disregarding any contrary evidence unless a reasonable fact-finder could not. *Id.* at 821–22, 827. We may sustain a no-evidence or legal sufficiency challenge only when (1) the record discloses a complete absence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the only evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of a vital fact. *Id.* at 810 (citing Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 TEXAS L.REV. 361, 362–63 (1960)). In reviewing the Cleavers' factual sufficiency challenge, we must consider and weigh all of the evidence and determine whether the evidence in support of the jury's finding is so weak as to be clearly wrong and unjust or whether the finding is so against the great weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex.2001); *Pool v. Ford Motor Co.*, 715 S.W.2d 629 (Tex.1986); *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

## Easement by Estoppel over Road 195–P

 The doctrine of easement by estoppel, or estoppel *in pais*, is an exception to the statute of frauds. Under this doctrine, a landowner may be estopped from denying the existence of an easement created by "representations" upon which another has detrimentally relied. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 209 (Tex.1962). These representations may be verbal or nonverbal. *Storms v. Tuck*, 579 S.W.2d 447, 452–54 (Tex.1979). Once created, an easement by estoppel is binding upon successors in title if reliance upon the easement continues. *Holden v. Weidenfeller*, 929 S.W.2d 124, 131 (Tex. App.-San Antonio 1996, writ denied).

The supreme court has recognized that the "exact nature and extent of the doctrine ... have not been clearly defined."

*Drye,* 364 S.W.2d at 209; *accord Storms,* 579 S.W.2d at 451. Although the application of the doctrine of easement by estoppel depends upon the unique facts of each case, this equitable doctrine has been applied to circumstances such as the dedication of a street, alley, or square; a conveyance with reference to a map or plat; and expenditures by the owner of the alleged easement for improvements on the servient estate. *Drye,* 364 S.W.2d at 209–10. The doctrine has also been applied to circumstances involving expenditures on the dominant estate. *See Holden,* 929 S.W.2d at 132; *Exxon Corp. v. Schutzmaier,* 537 S.W.2d 282, 285–86 (Tex.Civ.App.-Beaumont 1976, no writ); *North Clear Lake Dev. Corp. v. Blackstock,* 450 S.W.2d 678, 683 (Tex.Civ.App.-Houston [14th Dist.] 1970, writ ref'd n.r.e.).

We note that the results reached by courts applying the doctrine have varied. *Compare Drye,* 364 S.W.2d at 209–11 (no easement by estoppel for pleasure and recreation over a 1,000–acre ranch); *Stallman v. Newman,* 9 S.W.3d 243 (Tex.App.-Houston [14th Dist.] 1999, pet. denied) (landowner's mere failure to act did not create easement by estoppel over road used with permission); *Scott v. Cannon,* 959 S.W.2d 712 (Tex.App.-Austin 1998, pet. denied) (requiring vendor/vendee relationship to create easement by estoppel); *and Wilson v. McGuffin,* 749 S.W.2d 606 (Tex.App.-Corpus Christi 1988, writ denied) (no easement by estoppel over road used with permission), *with Storms,* 579 S.W.2d at 451–54 (indicating that vendor/vendee relationship is not necessarily required to create easement by estoppel); *F.J. Harrison & Co. v. Boring & Kennard,* 44 Tex. 255 (1875) (reversing verdict where the great body of the evidence favored easement by estoppel over lots that were not to be sold for private purposes); *Thompson v. Houk,* No. 12–04–00315–CV, 2005 WL 2035831 (Tex.App.-Tyler Aug. 24, 2005, no pet.) (mem. op.) (easement by estoppel over access road upheld based upon landowner's acquiescing behavior); *Murphy v. Long,* 170 S.W.3d 621 (Tex.App.-El Paso 2005, pet. denied) (upholding easement by estoppel over roadway even though neither vendor/vendee relationship nor written document existed); *Mack v. Landry,* 22 S.W.3d 524 (Tex.App.-Houston [14th Dist.] 2000, no pet.) (upholding easement by estoppel over road and bridge); *Holden,* 929 S.W.2d at 131–32 (easement by estoppel over access road upheld based upon conduct and reliance); *Shipp v. Stoker,* 923 S.W.2d 100 (Tex.App.-Texarkana 1996, writ denied) (upholding easement by estoppel over unpaved lane); and *Wallace v. McKinzie,* 869 S.W.2d 592 (Tex.App.-Amarillo 1993, writ denied) (upholding easement by estoppel created by permissive and acquiescing behavior with respect to use of the road).

In the present case, the jury was instructed that an easement by estoppel may be established by showing each of the following elements: (1) a landowner or his predecessor in interest makes a representation either by words or conduct to the adjacent landowner or his predecessor in interest that an easement exists to use the landowner's property, (2) the adjacent landowner or his predecessor in interest believes such representation to be true, and (3) the adjacent landowner or his predecessor in interest relies upon such representation. *See Storms,* 579 S.W.2d at 452. Based upon this instruction, the jury found that Cundiff had an easement by estoppel over Road 195–P from the county road across Section 172 (the Cleavers' property) to Section 171 (Cundiff's property).

The record shows that Cundiff's property is landlocked and that the only access to his property is Road 195–P from County Road 261 through Section 172 to the

southern boundary of Section 171.[1] Road 195–P was in existence when the parties acquired their respective tracts. Cundiff and his mother, now deceased, purchased Section 171 in April 2000. At that time, there were sheds, barns, a windmill, fences, and an old house on the property. Cundiff and his father spent time and money working on the house.

Shortly after the Cleavers purchased a portion of Section 172 in August 2001, they put up a chain across the cattle guard at the intersection of Road 195–P and County Road 261 and replaced the gate between their property and Cundiff's property. At the time the Cleavers replaced the gate between the two properties, Cundiff and his father were on the Cundiff property and were locked in. Kenneth Cleaver refused to allow Cundiff's father egress through the gate and down Road 195–P, the only road out. Cundiff and his father had to drive across their rough land, take down a neighbor's fence, put the fence back, and drive through the neighbor's pasture. The Cundiffs subsequently obtained temporary permission from this neighbor for ingress and egress each time they entered and left Section 171.

The Cleavers' actions clearly did not create an easement. Therefore, if one existed, it was created by Section 172's prior owners. The testimony traced Road 195–P back to the Armstrongs. Their granddaughter, Alta Jean Sawyer, testified that her grandparents were married in 1902 and built the house now located on Section 171. Sawyer testified that the road had been there for as long as she could remember and that it was the only road available to access her grandparents' house. The testimony showed that the Armstrongs maintained and bladed the road from the house down to the county road. The road was used by meter readers to read the meter at the Armstrongs' house. The Armstrongs' mailbox was at the intersection of Road 195–P and County Road 261. Sawyer lived on Section 171 and met the school bus at this intersection. Cundiff's father testified that the road served no purpose besides allowing access to the residents north of Section 172.

■ The Cleavers correctly argue that use alone does not create an easement by estoppel. See *Stallman*, 9 S.W.3d at 247, and *Roberts v. Allison*, 836 S.W.2d 185, 187 (Tex.App.-Tyler 1992, writ denied). But unlike *Roberts*, there was no testimony that the road benefitted the servient estate owner and that he simply allowed others to use it. In this case, the evidence indicated the primary purpose of much of the road was to benefit the Armstrongs and their successors. Furthermore, the Armstrongs did not merely use the road; they maintained it. Unlike *Stallman*, there was no testimony that Section 172's owners gave anyone specific permission to use Road 195–P, which would imply the right to revoke that permission. The evidence regarding the use of Road 195–P indicates a belief that the road's use was by right.

Nothing in the record refutes this manner of use. The Cleavers purchased their land from an estate controlled by Cecil W. Brown. Brown testified that Section 172 had belonged to his family since 1927. Brown took care of the property beginning in the mid–1970s but actually went to the property only about once a year. Brown acknowledged that there were several locks on the gate between Section 171 and 172 and that he had never possessed a key to any of those locks. He testified that the road's condition had deteriorated but that in 2000 someone cut a chain over the cattle

---

1. The map is attached as Appendix A.

guard and cleared the road with a bulldozer. Brown put a lock in the chain, but someone knocked the post out of the cattle guard. Brown did not testify that he ever gave Cundiff permission to use the road. In fact, his testimony indicates that there was a clear difference of opinion as to Cundiff's rights.

After reviewing all of the evidence, we hold that it is both legally and factually sufficient to establish that an easement by estoppel existed over Road 195–P. From the evidence introduced, the jury could reasonably infer that Road 195–P was used from the beginning by the Armstrongs as a matter of right. The testimony does not indicate who built the road or when; however, the evidence does show that the Armstrongs had lived on Section 171 since the early 1900s, that they had used the road for as long as anyone could remember, that the road was their means of ingress and egress to the house they built on Section 171, and that they had maintained the road throughout the years. The jury could reasonably infer that the Armstrongs would not have built their house without some reliable means of access and would not have expended time and money maintaining a road over which they had no claim. The evidence regarding the conduct of the Armstrongs and the previous owners of Section 172 is sufficient to support the jury's finding that an easement by estoppel was created over Road 195–P. Because the use of Road 195–P and the reliance thereon has continued, the Cleavers are estopped to deny an easement. The first and fifth issues are overruled.

### Bona Fide Purchasers

■ In their second and third issues, the Cleavers argue that the trial court should have entered judgment in their favor based upon the jury's finding that they were good faith purchasers and that the trial court erred in disregarding that jury finding. Upon the Cleavers' specific request, the trial court included the following jury question in the jury charge: "Did Kenneth L. and Cynthia Cleaver purchase the Cleaver Property in good faith for valuable consideration and without knowledge of any outstanding claim of an easement to cross their property?" The jury answered affirmatively.

■ The Cleavers assert that their status as good faith or bona fide purchasers precludes an easement by estoppel from being imposed against them. They rely on *Lakeside Launches, Inc. v. Austin Yacht Club, Inc.,* 750 S.W.2d 868, 873 (Tex. App.-Austin 1988, writ denied), for the proposition that an easement by estoppel cannot "be imposed against a subsequent purchaser for value, who has no notice, actual or constructive, of the easement claimed." To be a bona fide purchaser, the purchase must be made for valuable consideration and without notice, either actual or constructive, of the adverse claim. *F.J. Harrison,* 44 Tex. at 263. Notice is sufficient if it would lead an ordinarily prudent man to inquire into the matter. *Id.* at 263–64.

*Lakeside* is distinguishable from this case because it involved "a possible higher use" of the ramp and easement about which the purchaser was not required to inquire. *Lakeside,* 750 S.W.2d at 873. In *Lakeside,* there was nothing to give the purchaser notice that prior owners of the adjoining land may have extended a floating dock beyond the ramp. In this case, the use of the road was open and obvious; and the road continued into the adjoining land.

In *F.J. Harrison,* the supreme court held that the purchasers were not bona fide purchasers because they were put on notice of the claimed easement based upon the position of the building and its door

and windows abutting their land. The prior owners of that land had declared that it would remain an open space surrounding the depot. *F.J. Harrison,* 44 Tex. at 263–65. In *Holden,* the San Antonio court declared that circumstances similar to those in the present case prevented the purchasers from being bona fide purchasers. *Holden,* 929 S.W.2d at 132. The purchasers in *Holden* saw the road and the gate which led across their property into land owned by another, thereby putting them on notice to inquire into the rights claimed by the adjoining landowners. *Id.*

The facts of the present case are more analogous to *F.J. Harrison* and *Holden* than *Lakeside.* In this case, the road across Section 172 was obviously visible. Before purchasing the land in Section 172, Kenneth Cleaver drove around the property and down the caliche or gravel road known as Road 195–P. He observed somebody in an old, green pickup using Road 195–P to cross Section 172. He noticed that Road 195–P led to a locked gate with various locks on it and then continued on into Section 171, which belonged to someone else. The Cleavers did not contact the adjoining landowners to inquire about any rights they may have claimed to use the road. Based upon this evidence, the Cleavers could not establish that they were bona fide purchasers. Thus, the trial court did not err in disregarding the jury's answer or in refusing to enter judgment in the Cleavers' favor. The second and third issues are overruled.

### Denial of Summary Judgment

■ In their fourth issue, the Cleavers contend that the trial court erred in denying their motion for summary judgment relating to the easement by estoppel. Generally, the denial of a motion for summary judgment is an interlocutory order that, with a few exceptions, is not appeal-able. *Cincinnati Life Ins. Co. v. Cates,* 927 S.W.2d 623, 625 (Tex.1996). After a trial on the merits, as in the present case, the denial of a motion for summary judgment may not be reviewed on appeal. *Ackermann v. Vordenbaum,* 403 S.W.2d 362, 365 (Tex.1966); *Anderton v. Schindler,* 154 S.W.3d 928, 931 (Tex.App.-Dallas 2005, no pet.). Consequently, the trial court's denial of the Cleavers' motion for summary judgment is not reviewable on appeal, and the fourth issue is overruled.

### Jury Instruction

■ In their final issue, the Cleavers complain of the trial court's refusal to instruct the jury that use alone does not establish an easement by estoppel. The record shows that the Cleavers' attorney requested that the following instruction be included in the jury charge:

> You are further instructed that ... a representation may be made by words or conduct but that the use only, even for a long time of a road and the landowners allowing without comment the use of the road is not conduct constituting a representation so as to establish an easement by estoppel.

■ When a trial court refuses to submit a requested jury instruction, our review focuses on whether the request was reasonably necessary to enable the jury to render a proper verdict. Tex.R. Civ. P. 277; *Vinson & Elkins v. Moran,* 946 S.W.2d 381, 405 (Tex.App.-Houston [14th Dist.] 1997, writ dism'd by agr.). The court should not burden the jury with surplus instructions. *Acord v. General Motors Corp.,* 669 S.W.2d 111, 116 (Tex.1984). Consequently, every correct statement of the law does not belong in the jury charge. *Maddox v. Denka Chem. Corp.,* 930 S.W.2d 668, 671 (Tex.App.-Houston [1st Dist.] 1996, no writ).

While the refused instruction may be a correct statement of the law, it was not reasonably necessary to enable the jury in this case to reach a proper verdict. The instructions and question submitted were clear and unambiguous. They informed the jury that, to establish an easement by estoppel, (1) a landowner or his predecessor must have made a representation—either by words or conduct (2) that was believed by the adjacent landowner and (3) upon which the adjacent landowner relied. This instruction did not permit the jury to find that an easement was created by use alone. We hold that the trial court did not abuse its discretion in refusing to submit the Cleavers' requested instruction. The sixth issue is overruled.

The judgment of the trial court is affirmed.

"Appendix A"

## ON APPELLANTS' MOTION FOR REHEARING

JIM R. WRIGHT, Chief Justice.

In their motion for rehearing, the Cleavers clarified their argument concerning the jury's finding that they were bona fide purchasers. The trial court disregarded that finding. A jury finding may be disregarded if it is immaterial or if it has no support in the evidence. Tex.R. Civ. P. 301; *Spencer v. Eagle Star Ins. Co. of Am.*, 876 S.W.2d 154, 157 (Tex.1994). As we indicated in our original opinion, to be a bona fide purchaser, the purchase must be made for valuable consideration and without notice, either actual or constructive, of the adverse claim.[1] There was no evidence that the Cleavers were without notice of the claimed easement over the road. Thus, the bona-fide-purchaser finding had no support in the evidence. To the contrary, the evidence conclusively showed notice. The road and gate leading into the adjacent property were open and obvious, and Kenneth Cleaver had seen somebody driving down that road. Therefore, as we held in our original opinion, the trial court did not err in disregarding the bona-fide-purchaser finding.

The motion for rehearing is overruled.

---

1. We note that the question in this case, as submitted by the Cleavers, improperly omitted any mention of "constructive" notice.