**Opinion filed May 13, 2010**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00099-CV
_____

## ROBERT C. TICE, Appellant

## V.

## KURT HUNT AND VELDENE CHAPMAN, Appellees

**On Appeal from the 266th District Court**

**Erath County, Texas**

**Trial Court Cause No. CV28603**

### M E M O R A N D U M   O P I N I O N

This case involves three roads: Old Burns Road, New Burns Road, and Hunt Road and Robert C. Tice's rights of ingress and egress over them to reach his property. Tice's only access involves crossing property owned by Kurt Hunt or Veldene Chapman or both. Hunt and Chapman wanted Tice to use Hunt Road rather than Old Burns Road or New Burns Road to access his property, but Tice found Hunt Road to be unsatisfactory.

Hunt and Chapman filed this lawsuit to settle the dispute. They asked the trial court to declare that Old Burns Road was not a public road. Tice answered the lawsuit and also sought his

own declaration that Old Burns Road was a public road by virtue of implied dedication and that he had an easement by estoppel over New Burns Road. There were other claims later waived or abandoned on appeal. When the trial court granted Hunt and Chapman's motion for summary judgment, it held that Old Burns Road was not public; that Old Burns Road had not been dedicated to the public; and that, even if it had been dedicated, the public had abandoned it. The trial court also declared that Old Burns Road was not burdened by a public easement, that Tice had no legal easement right to the road, and that certain easement deeds that Tice received from third parties were void. The trial court entered a take-nothing judgment on Tice's counterclaim. The trial court awarded attorney's fees to Hunt and Chapman.

Even if there were more than a scintilla of evidence that the Old Burns Road had been a public road at one time, the summary judgment evidence conclusively establishes that it was abandoned. Furthermore, Tice did not respond to Hunt and Chapman's no-evidence motion for summary judgment with more than a scintilla of evidence on at least one essential element of his easement-by-estoppel claim. The trial court did not err when it granted summary judgment in favor of Hunt and Chapman. We affirm.

The summary judgment evidence shows that, as long as anyone can remember, the southerly end of the Old Burns Road began at Erath County Road 162. The road first crossed land belonging to Hunt and Chapman and also crossed the property now owned by Tice and continued on across other property until it reached, at its northerly end, Erath County Road 132. Tice's summary judgment evidence shows that this road was used not only to reach Tice's property and other property along its route but also to reach County Road 132, which ran to Huckabay and Pleasant Ridge. Tice's summary judgment evidence also shows that at one time landowners, relatives, business invitees, and members of the public traveled this road. Some used the road to get to their own property located along the road. Others used the road to visit friends who lived along the road. Still others used the road in order to conduct business with those who lived along the road. The road was also used by those who lived along the road and others as a way to connect County Road 132 with County Road 162. Those who testified that they lived along the road also testified that they knew some of the people who traveled the road, and there were also those whom they did not know. People traveled the road in wagons, on horses, in vehicles, and on foot. None of the witnesses knew when that use started or who owned the property at the time. Nor did they know of anyone who knew those facts.

Hunt and Chapman's motion for summary judgment was based both on traditional and no-evidence grounds. We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). A trial court must grant a traditional motion for summary judgment if the moving party establishes that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Lear Siegler, Inc. v. Perez*, 819 S.W.2d 470, 471 (Tex. 1991). To determine if a fact question exists, we must consider whether reasonable and fair-minded jurors could differ in their conclusions in light of all of the evidence presented. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007). In order for a defendant to be entitled to summary judgment, it must either disprove an element of each cause of action or establish an affirmative defense as a matter of law. *Am. Tobacco Co. v. Grinnell*, 951 S.W.2d 420, 425 (Tex. 1997); *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Once the movant establishes a right to summary judgment, the nonmovant must come forward with evidence or law that precludes summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678-79 (Tex. 1979). When reviewing a traditional summary judgment, the appellate court considers all the evidence and takes as true evidence favorable to the nonmovant. *Am. Tobacco Co.*, 951 S.W.2d at 425; *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548-49 (Tex. 1985).

When a motion for summary judgment contains no-evidence grounds under TEX. R. CIV. P. 166a(i), as well as traditional grounds under Rule 166a(c), we first consider the no-evidence claim. *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In the motion for summary judgment that the trial court granted, Tice was the nonmovant; and, because he was the nonmovant, he must produce summary judgment evidence that raises a genuine issue of material fact as to each challenged essential element of his cause of action in order to defeat the motion. *Id.* If Tice failed to produce more than a scintilla of evidence that raised a genuine issue of material fact regarding the existence of the challenged essential elements, then the trial court did not err if it based its judgment on the no-evidence allegations in the motion for summary judgment. *Id.*; *see also Miller v. Elliott*, 94 S.W.3d 38, 42 (Tex. App.—Tyler 2002, pet. denied).

In "Issue 1," Tice maintains that "[t]he trial court erred in granting the Motion for Summary Judgment." In his argument, Tice says that he "attacks and objects to every possible basis which might support the trial court's Order on Plaintiffs' Motion for No-evidence

Summary Judgment and Traditional Motion for Summary Judgment. Appellant Tice respectfully attacks and objects to every possible basis which might support the summary judgment motion and/or Appellees' reply brief." Under this issue, no other arguments are made by appellant, and appellant cites us to no authorities. We overrule Issue 1. *See* TEX. R. APP. P. 38.1 (requisites of an appellant's brief).

In Issue 1a, Tice challenges the trial court's summary judgment regarding public dedication of the Old Burns Road.

Tice argues that the property was impliedly dedicated to the public use. Prior to August 31, 1981, dedication of property to the public for a road could be either express or implied.[1] *Gutierrez v. County of Zapata*, 951 S.W.2d 831, 837 (Tex. App.—San Antonio 1997, no writ). Whether a roadway has been dedicated is generally a question of fact. *Id.* There is no claim that there was an express dedication of this road to the public. Therefore, if the use of the Old Burns Road was dedicated to the public, it must have been by implication prior to August 31, 1981.

The essential elements of a claim of implied dedication of property to the public use are: (1) the acts of the landowner induced the belief that the owner intended to dedicate the road to the public use; (2) the owner was competent to dedicate the road to public use; (3) the public relied on the acts of the owner, and the interest of the public will be served by the dedication to it; and (4) there was an offer by the owner and an acceptance of the dedication by the public. *Lindner v. Hill*, 691 S.W.2d 590, 591 (Tex. 1985); *County of Real v. Sutton*, 6 S.W.3d 11, 14 (Tex. App.—San Antonio 1999, pet. denied).

Generally, one must show more than an owner's omission or failure to act or acquiesce in order to show donative intent. *Baker v. Peace*, 172 S.W.3d 82, 89 (Tex. App.—El Paso 2005, pet. denied). Although not an exhaustive list, the El Paso court has suggested these additional factors to consider when we determine whether an owner has impliedly dedicated property to the public use: "(1) permitting public authorities to grade, repair, or otherwise improve the roadway; (2) selling parcels of land from a plat or plan showing the roadway as a means of access to the parcels; (3) construction of facilities for general public use; (4) an express representation by the

---

[1]The legislature abolished common-law implied dedications of public roads for counties with a population of 50,000 or less beginning August 31, 1981, the effective date of TEX. REV. CIV. STAT. art. 6812h (1981), now codified at TEX. TRANSP. CODE ANN. § 281.003(b) (Vernon 1999). However, the statute was not made retroactive.

4

owner of a road to a land purchaser that the way is reserved for public use; (5) fencing off the roadway from the remainder of the land; or (6) obtaining a reduction in the purchase price commensurate with the area of the roadway." *Scown v. Neie*, 225 S.W.3d 303, 310 (Tex. App.— El Paso 2006, pet. denied) (citing *Baker*, 172 S.W.3d at 88). The point is to determine whether the actions or inactions of a landowner are of such a nature as to show that he intended to donate the use of the property to the public.

Tice calls this the "general rule" but maintains that it is inconsequential to his case.

While Tice acknowledges the "general rule," he argues that a corollary to that rule is applicable to his claim. That corollary is this: Where there is evidence of long and continued use of the property by the public and when the origin of that public use, and the ownership of the land at the origin of the public use, are shrouded in obscurity and no proof can be produced to show the owner's intent when he allowed the use, a presumption arises that the requisite intention and the acts disclosing it were present. *O'Connor v. Gragg*, 339 S.W.2d 878, 883 (Tex. 1960); *Dunn v. Deussen*, 268 S.W.2d 266, 269 (Tex. Civ. App.—Fort Worth 1954, writ ref'd n.r.e.). Tice's position is, if he presented more than a scintilla of evidence on each of the elements of this corollary, then that gives rise to a presumption that the road had been impliedly dedicated to the public use. He further argues that the presumption, when raised, meets the no-evidence challenge because it provides more than a scintilla of evidence on each element of his implied-dedication claim. Tice maintains that a trial court cannot grant a no-evidence motion for summary judgment after the presumption is raised. He claims that he met that burden and that the trial court should not have granted the no-evidence motion for summary judgment on those grounds, if it did.

We will first determine whether Tice came forward with more than a scintilla of evidence that raised a genuine issue of material fact as to each challenged essential element of his claim that the road had been impliedly dedicated to the public use.

It is important to remember that the posture of this case is one in which the trial court granted summary judgment; it is not presented to us after a trial on the merits. As far as the no-evidence motion for summary judgment is concerned, we are not to decide whether at one time the Old Burns Road was impliedly dedicated to the public. Rather, we are to decide only whether Tice has presented more than a scintilla of evidence that it was. By this no-evidence summary judgment claim, Hunt and Chapman challenged Tice's ability to produce more than a

scintilla of evidence on each essential element of his implied dedication claim. When Tice presented the evidence of public use that raised the rebuttable presumption of implied dedication, he successfully met the challenge. Hunt and Chapman could present those factors mentioned in *Scown*, 225 S.W.3d at 310, and in *Baker*, 172 S.W.3d at 88, in a trial on the merits to rebut the presumption of dedication. But, this was a no-evidence summary judgment setting. The trial court erred if it granted the no-evidence summary judgment on the implied-dedication claim.

If we next consider the possibility that the trial court entered the summary judgment based upon the traditional grounds alleged in it, we reach the same result. Tice is the nonmovant, and we are required to consider all of the evidence and to take as true evidence favorable to the nonmovant. *Am. Tobacco Co.*, 951 S.W.2d at 425. Because, by virtue of the presumption, there is more than a scintilla of evidence to support Tice's claim of implied dedication and because Hunt and Chapman have not disproved any element of the implied dedication claim as a matter of law, Tice's Issue 1a is sustained. We are not holding that the Old Burns Road is or is not a public road. What we are holding is that a fact issue exists as to whether the road had been impliedly dedicated to the public use. The trial court erred if it granted the summary judgment upon this ground.

In his Issue 1d, Tice argues that the trial court erred when it held that, if Old Burns Road was public at one time, it had been abandoned.

It has long been the law that abandonment of property previously dedicated to the public use occurs when the use for which the property was dedicated becomes impossible or so highly improbable that such use is practically impossible. Abandonment also occurs when the use for which the property was dedicated wholly fails. *Adams v. Rowles*, 228 S.W.2d 849, 852 (Tex. 1950); *Griffith v. Allison*, 96 S.W.2d 74, 77 (Tex. 1936).

It was conclusively established by the summary judgment evidence that at least by sometime in the 1950s a fence was constructed so that the Old Burns Road could no longer be used to access County Road 132. After that time, no one could enter County Road 132 by using the Old Burns Road, and no one could use the Old Burns Road to reach County Road 162 from County Road 132. Therefore, after this time, the public no longer used the road as a means of access between County Roads 162 and 132; there would have been no use of the road by the general public. Further, the summary judgment evidence conclusively shows that there were gates on the Old Burns Road and that the entry to the Old Burns Road on the south had been

locked "for the last long time" and at least since the 1980s; selected persons had keys to this gate. The summary judgment evidence conclusively shows that the only use of the road after it had been fenced on the northerly end would have been by landowners, their families, their friends, and their business invitees, not the general public. *See McMullen v. King*, 584 S.W.2d 706, 709 (Tex. Civ. App.—Corpus Christi 1979, writ ref'd n.r.e.) (evidence reflected that the use was "by a particular class of people, [the landowners], their families, friends, guests and business invitees, and not by the public generally").

Hunt and Chapman argue that there is another reason to uphold the trial court's judgment of abandonment. They refer us to Tᴇx. Tʀᴀɴsᴘ. Cᴏᴅᴇ Aɴɴ. § 251.057 (Vernon 1999). That provision governs the abandonment of county roads. In view of our holding regarding common-law abandonment, we need not decide whether the statute applies to the type of roads involved in this case. We overrule Tice's Issue 1d.

In his Issues 1b through 1c(2), Tice argues that he raised fact issues to show that he had easements by estoppel across the land of Hunt and Chapman. We disagree.

The summary judgment evidence shows that Tice wanted to move at least a portion of the Old Burns Road so that he could avoid a "bog hole" and have better and easier access to his property. He asked Chapman's nephew for permission to make the change. After checking with Chapman, the nephew conveyed Chapman's permission to Tice. Tice made the new route. This new route was the New Burns Road. To use it, one enters the Old Burns Road at its intersection with County Road 162 and travels next on the road as Tice moved it until it re-converges with the Old Burns Road.

The Old Burns Road entered Hunt's property on his western boundary line close to his house, and he wanted to move it. He constructed a new road, the Hunt Road, on the eastern boundary line of his property. There was no longer any access to Tice's property or any other property down the Old Burns Road. Instead, the landowners to the north who needed access to their properties shared in the cost of the new Hunt Road and, in exchange, were given easements to the new road. Tice chose not to participate.

An easement appurtenant to land is an interest in land and, with some exception, can be created only in writing. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 203 (Tex. 1962). Easements that arise by estoppel are one of those exceptions. *Id.*

7

The exact nature and extent of the doctrine relating to easements arising from estoppel *in pais* has not been clearly defined. *Storms v. Tuck*, 579 S.W.2d 447, 451 (Tex. 1979); *Cleaver v. Cundiff*, 203 S.W.3d 373, 376 (Tex. App.—Eastland 2006, pet. denied). Generally, the doctrine is used as an exception to the statutes that require such things to be in writing. *Storms*, 579 S.W.2d at 451. The goal sought to be achieved through these types of easements is "to prevent injustice and to protect innocent parties from fraud." *Id.*

The *Drye* court also noted that the exact nature and extent of the application "of the doctrine of estoppel *in pais* have not been clearly defined." *Drye*, 364 S.W.2d at 209 But, the court also noted that there are some definite categories of suits involving land where the doctrine has been applied. *Id.* The court wrote, "Outside of these particular groups, however, the authority for its application is rare and nebulous." *Id.* The court then goes on to discuss the types of cases in which the doctrine has been applied. Most notably, it has been applied to situations arising from the dedication of streets, alleys, or squares. *Id.* The court also recognized cases where an owner sells land with reference to a plat or map that shows streets, alleys, squares, and like areas. *Id.* at 210. The seller is estopped to deny the existence of those areas when a purchaser relies on those representations in buying and making improvements to the property. A third scenario noted by the court in *Drye* is that in which a purchase is made and the land "is described in the deed as bounded by a street or way." The grantor cannot deny the existence of the street or way. *Id.* Yet another area in which the doctrine is applied is that which arises when a seller allows a purchaser to spend money on the servient tract. *Id.* In this regard, the court in *Storms* noted in the latter class of cases that it is generally the situation that the owner of the servient estate has made a verbal promise to convey an easement, has said that an easement exists when it did not, or has a duty to speak but does not, and the other party spends funds making improvements. *Storms*, 579 S.W.2d at 453.

Generally, the following factors are considered to be required in an easement-by-estoppel claim: (1) a representation was communicated to a promisee; (2) the communication is believed by the promisee; and (3) the promisee detrimentally relied on the communication. *Storms*, 579 S.W.2d at 451.[2]

---

[2]We are aware of those cases in which discussion is directed at whether there is a requirement that a vendor/vendee relationship must be shown in order to establish an easement by estoppel. We find it unnecessary to reach that question in this case. *See Mack v. Landry*, 22 S.W.3d 524 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (discussing treatment of the issue in the intermediate appellate courts).

Tice presented no summary judgment evidence that any representations were made in this case. The only communication was that Chapman gave her permission for Tice to move the road. As this court said in *Cleaver*, permission implies the right to revoke that permission. *Cleaver*, 203 S.W.3d at 377. Implicit in all of the cases is the notion that the representation must have been to the effect that there either was an easement or that there would be an easement. We recognize that those representations can be made by action or inaction. *Drye*, 364 S.W.2d at 209-10. However, Tice has presented no summary judgment evidence that any of those types of representations were made in this case. Tice has not produced even a scintilla of evidence that any kind of representation was made to him relative to an easement that he either had or was to receive. He places reliance on the summary judgment evidence that shows that, when he sought Chapman's permission to move a portion of the Old Burns Road to construct the New Burns Road, she gave him that permission. But, the record shows just that, permission. There was no summary judgment evidence that anyone ever represented to Tice, by actions or otherwise, that he either had or would receive an easement on either the Old Burns Road or the New Burns Road. Tice's claims that he produced more than a scintilla of evidence to establish an easement by estoppel under *Cleaver*, 203 S.W.3d 373; *Wallace v. McKinzie*, 869 S.W.2d 592 (Tex. App.—Amarillo 1993, writ denied); *Holden v. Weidenfeller*, 929 S.W.2d 124 (Tex. App.—San Antonio 1996, writ denied); and *Stallman v. Newman*, 9 S.W.3d 243 (Tex. App.— Houston [14th Dist.] 1999, pet. denied), likewise fail because representations are required in each of those cases, and there was no evidence presented that any were made.

Because there is not even a scintilla of summary judgment evidence that any such representations were made, reasonable and fair-minded jurors could not differ in their conclusions on the issue of easement by estoppel in light of all of the summary judgment evidence presented. We overrule Tice's estoppel Issues 1b through 1c(2).

Tice states that Issues 1e and 1f (regarding third party easement deeds and easement by necessity) are not necessary to his case. Therefore, we will not address those issues. *See* TEX. R. APP. P. 47.1 (opinion to address issues necessary to final disposition of appeal).

Finally, in Issue 2, Tice argues that the trial court awarded attorney's fees to Hunt and Chapman in an amount greater than they asked for in their pleadings and that he was, therefore, surprised. Tice cites us to no authority in this issue, and it is overruled. *See* TEX. R. APP. P. 38.1 (requisites of an appellant's brief).

We affirm the judgment of the trial court.


JIM R. WRIGHT

CHIEF JUSTICE


May 13, 2010

Panel consists of:  Wright, C.J.,
McCall, J., and Strange, J.