02-09-281-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-09-00281-CV

 

 


 
 
 Andrew L. Neloms, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 BNSF Railway Company
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM THE 348th
District Court OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

 

I.    
Introduction

          Appellant
Andrew L. Neloms, Jr. appeals the take-nothing judgment entered against him in
his Federal Employers’ Liability Act (FELA)[2] suit against BNSF Railway
Company (BNSF).  He contends in one issue that the trial court committed reversible
error by omitting jury instructions concerning the FELA burden of proof.  We
affirm.

II. 
Background

          On
October 19, 2004, Neloms was working for BNSF as the conductor bringing a stack
train from Temple to Pearland.  He arrived at the Clear Creek yard that evening
and exited the train in the dark.  While walking toward a switch in the yard,
Neloms tripped over a partially buried tie plate and fell.  Neloms finished his
duties that evening, but his hand began to throb.  By the next morning, his hand
was swollen, and he was not able to use it.

          Neloms
filed suit against BNSF in September 2007, alleging negligence and seeking
damages for lost wages and physical injury.  The case proceeded to a jury trial
in March 2009, and the jury rendered a verdict for BNSF.  The trial court
signed a final judgment in accordance with the jury’s verdict, and this appeal
followed.

III. 
Standard of Review

          We
review a trial court’s refusal to include an instruction in the jury charge for
an abuse of discretion.  See In re V.L.K., 24 S.W.3d 338, 341 (Tex.
2000); La.-Pac. Corp. v. Knighten, 976 S.W.2d 674, 676 (Tex. 1998).  “The
trial court has considerable discretion to determine necessary and proper jury
instructions.”  In re V.L.K., 24 S.W.3d at 341.  To establish an abuse
of discretion, the requested instruction must be necessary to enable the jury
to render a proper verdict so that the trial court’s refusal probably caused
the rendition of an improper verdict.  Pitts v. Sabine River Auth. of Tex.,
107 S.W.3d 811, 819 (Tex. App.—Texarkana 2003, pet. denied).  When a trial
court refuses a requested jury instruction, we examine whether the instruction
was reasonably necessary to enable the jury to render a proper verdict.  See
Tex. R. Civ. P. 277, 288; Cleaver v. Cundiff, 203 S.W.3d 373, 379 (Tex. App.—Eastland
2006, pet. denied).  Because the jury should not be burdened with surplus
instructions, not every correct statement of the law belongs in the jury
charge.  Cleaver, 203 S.W.3d at 379.

IV. 
Discussion

          In
his sole issue, Neloms contends that the trial court committed reversible error
by omitting jury instructions concerning the FELA burden of proof.  BNSF
responds that the trial court did not abuse its discretion because the court’s
charge provided the jury with the information that Neloms contends was omitted.

A. 
Applicable Law

          FELA
imposes liability on railroads for injuries to their employees “resulting in
whole or in part from the negligence of any of the officers, agents, or
employees of such carrier, or by reason of any defect or insufficiency, due to
its negligence, in its cars, engines, appliances, machinery, track, roadbed,
works, boats, wharves, or other equipment.”  45 U.S.C. § 51.  For FELA cases
brought in state court, federal law governs the parties’ substantive rights,
and state rules govern procedural matters.  Union Pac. R.R. Co. v. Williams,
85 S.W.3d 162, 170 (Tex. 2002); see Mitchell v. Mo.-Kan.-Tex. R.R. Co.,
786 S.W.2d 659, 661 (Tex. 1990), overruled on other grounds by Williams,
85 S.W.3d at 168–69.

“To
prevail on a FELA claim, a plaintiff must show that the defendant railroad did
not use reasonable care under the circumstances.”  Williams, 85 S.W.3d
at 165–66 (citing Davis v. Burlington N., Inc., 541 F.2d 182, 185 (8th
Cir. 1976)).  In other words, a FELA plaintiff must prove the traditional
“common law components of negligence, including duty, breach, foreseeability,
causation, and injury.”  Houghton v. Port Terminal R.R. Ass’n, 999
S.W.2d 39, 43 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (citing Adams
v. CSX Transp., Inc., 899 F. 2d 536, 539 (6th Cir. 1990)).  But the FELA
causation standard differs from the common law standard.  Id. at 43–44
(citing Nicholson v. Erie R.R. Co., 253 F.2d 939, 940 (2d Cir. 1958)); see
Diamond Offshore Mgmt. Co. v. Horton, 193 S.W.3d 76, 79 (Tex. App.—Houston
[1st Dist.] 2006, pet. denied).  Instead of proximate cause, a FELA plaintiff
must prove only that the defendant’s negligence “‘played any part, even in the
slightest, in producing the injury for which damages are sought.’”  Williams,
85 S.W.3d at 168 (quoting Mitchell, 786 S.W.2d at 661); see 45
U.S.C. § 51; Rogers v. Mo. Pac. R.R., 352 U.S. 500, 506, 77 S. Ct. 443,
448 (1957).

B. 
Analysis

          Neloms
argues that the court’s charge did not inform the jury of the lesser FELA
causation standard, and he points to two instructions that the trial court
refused to submit.  We begin by addressing Neloms’s contention that the federal
pattern jury charge must be submitted in FELA cases tried in state court.

1.   
 Federal Pattern Jury Charge

Neloms
argues that “both the Texas Supreme Court and the United States Supreme Court
have unequivocally held that the federal pattern jury charge instructions
should be used in state court FELA cases.”  To support his contention, Neloms
cites Norfolk Southern Railway Co. v. Sorrell, 549 U.S. 158, 168 n.2,
127 S. Ct. 799, 806 n.2 (2007), and Williams, 85 S.W.3d at 170. 
However, Sorrell holds only that the same causation standard applies to
both employers and employees when determining the employee’s comparative
negligence.[3]  Sorrell, 549 U.S.
at 171, 127 S. Ct. at 808–09.  Sorrell does not require all courts to
use identical jury charges in FELA cases.[4]  See id. at 173,
127 S. Ct. at 809.  Neloms relies on Justice Ginsberg’s concurrence in Sorrell,
but even Justice Ginsberg’s concurrence states only that “sound jury
instructions in FELA cases would resemble the model federal charges.”  Id.
at 180, 127 S. Ct. at 814 (Ginsberg, J., concurring) (emphasis added).  Thus, Sorrell
does not mandate submission of federal pattern jury charges in FELA cases
brought in state courts.

Similarly,
the Texas Supreme Court held in Williams that “[s]tate courts trying
FELA cases must apply federal law about burdens of proof.”  85 S.W.3d at 170. 
Although Williams approved language from part of the Fifth Circuit’s
FELA pattern jury charge and part of the Eighth Circuit’s FELA pattern jury
charge, nothing in Williams requires Texas trial courts to submit
federal pattern jury charges in all FELA cases.  See id. at 165–71; see
also Mitchell, 786 S.W.2d at 662 (stating that a proper instruction “may be
had” by using the Fifth Circuit’s FELA Pattern Jury Instructions but not
mandating submission of the pattern instruction).  Although the better practice
in many cases may be the submission of pattern jury charge instructions,
neither Sorrell nor Williams mandates the submission of federal
pattern jury instructions in FELA cases tried in Texas state courts.  See
Sorrell, 549 U.S. at 164–72, 127 S. Ct. at 805–09; Williams, 85
S.W.3d at 165–71; see generally Weeks Marine, Inc. v. Salinas, 225
S.W.3d 311, 319 (Tex. App.—San Antonio 2007, pet. dism’d).

Legal
Cause of Damage

Neloms’s
first requested instruction states:

Negligence is a legal
cause of damage if it played any part, no matter how small, in bringing about
or actually causing the injury or damage.  If you find that the Defendant BNSF
Railway Company, was negligent and that the Defendant’s negligence contributed
in any way toward any injury or damage suffered by the Plaintiff, Andrew L.
Neloms, Jr., you must find that such injury or damage was legally caused by the
Defendant BNSF Railway Company[’s] acts or omissions. 

 

Neloms
argues that without this instruction, the jury was not informed of the “feather
weight” burden applicable to his FELA claim and that his proposed instruction
“was the only source for the jury to know that the burden was extremely loose”
for him to show causation.

          Contrary
to Neloms’s assertion, the trial court did not fail to instruct the jury on the
“feather weight” FELA causation standard.  In this regard, the court’s charge
included the following instructions:

          “Negligence”
is the failure to use reasonable care.  Reasonable care is that degree of care
which a reasonably careful person would use under like circumstances. 
Negligence may consist either in doing something that a reasonably careful
person would not do under like circumstances, or in failing to do something
that a reasonably careful person would do under like circumstances.

 

Negligence is a
“legal cause” of damage if it played any part, no matter how small, in bringing
about or actually causing the injury or damage.”  [Emphasis added.] 


 

          In
Mitchell, the Texas Supreme Court approved a jury instruction in FELA
cases that states, in part:

“Negligence” is the
failure to use reasonable care.  Reasonable care is that degree of care which a
reasonably careful person would use under like circumstances.  Negligence may
consist either in doing something that a reasonably careful person would not do
under like circumstances, or in failing to do something that a reasonably
careful person would do under like circumstances.

 

For purposes of this
action, negligence is a “legal cause” of damage if it played any part, no
matter how small, in bringing about or actually causing the injury or damage.

 

786
S.W.2d at 663.[5]  Other than omitting the
phrase “for purposes of this action,” the trial court’s charge in this case is
identical to that approved by the supreme court in Mitchell.  See id.;
see also Williams, 85 S.W.3d at 168 (reaffirming Mitchell’s FELA
causation discussion and stating that “a defendant is liable if its negligence
plays any part, however slight, in causing the injury”).  Therefore, we hold
that the trial court did not abuse its discretion by refusing to submit the
first requested instruction.

3. 
Liability under FELA

          Neloms’s
second requested instruction states:

The “Federal
Employers’ Liability Act” provides in part that:

 

Every common carrier
by railroad while engaging in commerce between any of the several states . . .
shall be liable in damages to any person suffering injuries while he is
employed by such carrier . . . for such injury or death
resulting in whole or in part from the negligence of such carrier, or by reason
of any defect or insufficiency, due to its negligence, in its roadbed,
machinery . . . or other equipment.

 

          We
first note that this requested instruction is a quote from FELA section 51.  See
45 U.S.C. § 51.  We also note that the court’s charge instructed the jury that
Neloms was a BNSF employee, informed the jury that it may find BNSF liable for
Neloms’s injury if it was satisfied that BNSF had actual or constructive notice
of a defective condition in “equipment or his place of work” and a “reasonable
opportunity to remove or repair the defect before the occurrence,” and provided
the jury with a legally correct instruction concerning negligence as a “legal
cause” of Neloms’s injury or damage.  Thus, the court’s charge included
instructions containing the same information Neloms sought to include in his
second requested instruction.  “There is no error in refusing a requested
explanatory instruction when the substance of the matter contained therein is
included in the court’s charge.”  La. & Ark. R.R. Co. v. Blakely, 773
S.W.2d 595, 599 (Tex. App.—Texarkana 1989, writ denied) (citing Dixon v. Van
Waters & Rogers, 674 S.W.2d 479, 483 (Tex. App.—Fort Worth 1984, writ
ref’d n.r.e.)).  In other words, a trial court should refuse to submit
unnecessary instructions, even if they are correct statements of the law.  Id.;
see Rigdon Marine Corp. v. Roberts, 270 S.W.3d 220, 228 (Tex.
App.—Texarkana 2008, pet. denied).  Because the information contained within
Neloms’s second requested instruction was otherwise included within the court’s
charge, we hold that the trial court did not abuse its discretion by refusing
to submit the second requested instruction.  We overrule Neloms’s sole issue.

V. 
Conclusion

          Having
overruled Neloms’s sole issue, we affirm the trial court’s judgment.

 

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
LIVINGSTON,
C.J.; GARDNER, J.; and DIXON W. HOLMAN (Senior Justice, Retired, Sitting by
Assignment).

 

DELIVERED:  March 17, 2011









[1]See Tex. R. App. P. 47.4.





[2]See 45 U.S.C. § 51
(2007).





[3]The Sorrell Court
expressly limited its opinion to the issue of “whether different standards for
railroad and employee negligence [are] permissible” under FELA.  Sorrell,
549 U.S. at 164, 127 S. Ct. at 804.  For procedural reasons, Sorrell did
not actually address the causation standard applicable to carriers in FELA
cases.  See id. at 164–72, 127 S. Ct. at 805–09.





[4]The Sorrell Court
stated:  

As a review of FELA model instructions indicates, there
are a variety of ways to instruct a jury to apply the same causation standard
to railroad negligence and employee contributory negligence.  Missouri has
the same flexibility as the other States in deciding how to do so, so long
as it now joins them in applying a single standard.

Id. at 173, 127 S. Ct.
at 809 (citation omitted) (emphasis added).





[5]Williams overruled Mitchell
“to the extent that it rejected a foreseeability instruction when the evidence
about that element of the railroad’s duty was disputed” and “to the extent that
it approved the Fifth Circuit’s pattern instruction, even though the railroad’s
knowledge was disputed, on the erroneous basis that ‘it does not place the
issue of duty before the jury.’”  Williams, 85 S.W.3d at 169. 
Foreseeability is not at issue in this appeal.