**Affirmed in Part, Reversed and Remanded in Part, and Majority and Concurring and Dissenting Opinions filed December 29, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-00560-CV

## DAVID HAMRICK, MAGGIE HAMRICK, SUE BERTRAM, AND STEVE BERTRAM, Appellants/Cross-Appellees

### V.

## TOM WARD AND BETSEY WARD, Appellees/Cross-Appellants

**On Appeal from the 125th District Court
Harris County, Texas
Trial Court Cause No. 2005-61600**

## CONCURRING AND DISSENTING OPINION

The majority concludes that the property description in the appellees' deed of trust raises a genuine issue of material fact as to whether the appellants had constructive notice of the appellees' claimed easement. Applying the familiar summary-judgment standard of review mandates a determination that reasonable and fair-minded jurors could not differ in their conclusions as to whether appellants had knowledge of facts that would have caused a reasonably prudent person to have made an inquiry that would have led to

the discovery of the appellees' claimed easement. Therefore, this court should overrule all of the appellants' issues and address the second and fourth issues in the appellees' cross-appeal.

## *Standard of Review*

In reviewing the trial court's summary judgment, this court considers all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). The evidence raises a genuine issue of fact if reasonable and fair-minded jurors could differ in their conclusions in light of all of the summary-judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007).

## *Legal Standard for Constructive Notice*

Appellants/cross-appellees David and Maggie Hamrick and Sue and Steve Bertram (collectively, the "Hamricks") assert that they are bona fide purchasers as to the easement claimed by appellees/cross-appellants Tom and Betsey Ward (collectively, the "Wards"). For there to be a genuine issue of fact as to whether the Hamricks are bona fide purchasers, there must be, among other things, a genuine issue of material fact as to whether the Hamricks had constructive notice of the easement claimed by the Wards. *See Madison v. Gordon*, 39 S.W.3d 604, 606 (Tex. 2001). Under principles of constructive notice, even if the Hamricks had no actual knowledge of the Wards' claimed easement, the Hamricks are charged with notice of the claimed easement if the Hamricks had knowledge of facts that would have caused a reasonably prudent person to make an inquiry that would have led to the discovery of the claimed easement. *See id.*; *Westland Oil Development Corp. v. Gulf Oil Corp.*, 637 S.W.2d 903, 908 (Tex. 1982); *F.J. Harrison & Co. v. Boring & Kennard*, 44 Tex. 255, 263–64 (Tex. 1875); *Cleaver v. Cundiff*, 203 S.W.3d 373, 378–79 (Tex. App.—Eastland 2006, no pet); *see also Fish v. Marsters*, No. 14-06-00129-CV, 2007 WL 1438555, at *7–9 (Tex. App.—Houston [14th

Dist.] May 17, 2007, pet. denied) (applying constructive notice principles in context of discovery rule).

## *Analysis of Constructive Notice*

The majority correctly points out that the Hamricks had actual knowledge of the dirt road over the property that they were purchasing and that they had actual knowledge of the easement described by developer Cook in the Special Restrictions. The majority also correctly concludes that knowledge of these facts would have caused a reasonably prudent person to ask Mrs. Gomez (the prior owner and holder of a life estate) about the easement, to determine that the Wards owned the land to which the dirt road leads, and to ask the Wards about this easement. *See ante* at pp. 18–19. But the majority errs in determining that reasonable and fair-minded jurors could differ in their conclusions as to whether a reasonably prudent inquiry would have led to the discovery of the claimed easement.

In his affidavit, Tom Ward testifies as follows:

- In February 2004, Tom and his wife Betsey purchased from Mrs. Gomez two acres of land and the rights to an easement at least twenty-five feet wide connecting the property to Richardson Road, with Mrs. Gomez retaining a life estate as to her house.

- Tom Ward has been familiar with the two acres and the use of this easement since 1985.

- Tom Ward purchased the property in reliance on the fact that he and his wife could continue to use this easement.

- Tom and his wife designed and then began construction of a large house on the property in reliance on the fact that they could continue to use this easement.

- Tom has repaired and maintained the easement since purchasing the property from Mrs. Gomez.

- Since purchasing the property, Tom has always used the easement to access the property.

3

Considering all the evidence in the light most favorable to the Hamricks, crediting evidence favorable to the Hamricks if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not, this court should conclude that reasonable and fair-minded jurors could not differ in their conclusions as to whether the Hamricks had knowledge of facts that would have caused a reasonably prudent person to make an inquiry leading to the discovery of the easement claimed by the Wards. *See F.J. Harrison & Co.*, 44 Tex. at 263–65 (holding that, as a matter of law, purchasers were not bona fide purchasers because they had constructive notice of an easement on their land based upon their knowledge of facts that would have led a reasonably prudent person to make an inquiry leading to the discovery of the easement); *Cleaver*, 203 S.W.3d at 378–79 (holding that, as a matter of law, purchasers were not bona fide purchasers because they had constructive notice of easement on their land based upon their knowledge that a person in an old pickup truck used a gravel road to cross the property and that the road led to a locked gate and continued on to other property owned by somebody else); *see also Fish*, 2007 WL 1438555, at *7–9 (holding that plaintiff, as a matter of law, was on constructive notice of his claims for negligent construction because he had knowledge of facts that would have led a reasonably prudent person to make an inquiry leading to the discovery of these claims); *Cornerstones Mun. Util. Dist. v. Monsanto Corp.*, 889 S.W.2d 570, 576 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (holding that discovery rule tolled limitations only until plaintiff learned of damaged pipe, rather than until plaintiff discovered widespread problems with the sewer system, because, as a matter of law, knowledge of the damaged pipe would cause a reasonably prudent person to make an inquiry that would lead to the discovery of the system-wide problems); *Bayou Bend Towers Council of Co-Owners v. Manhattan Const. Co.*, 866 S.W.2d. 740, 743–45 (Tex. App.—Houston [14th Dist.] 1993, writ denied) (concluding that discovery rule tolled limitations only until discovery of water leaks in roof because, as a matter of law, this discovery would cause a reasonably prudent person to make an inquiry that would lead to the discovery of the cause of the leaks).

4

The majority concludes that there is a genuine issue of material fact as to whether the Wards would have told the Hamricks about the claimed easement if the Hamricks had asked. The majority finds this fact issue based upon the property description contained in a deed of trust that the Wards signed in September 2005, to provide security for a bank loan. In identifying the property that the Wards were conveying in the deed of trust, the Wards described their land and then described an easement over the Hamricks' land by referring to the easement described by developer Cook in the Special Restrictions. Though the Wards may have pledged as security for their bank loan less than the entire easement interest they claim in litigation, this does not raise a fact issue as to what the Wards would have told the Hamricks if the Hamricks had asked the Wards what easement, if any, the Wards were claiming. The record does not reflect how the property description in the deed of trust was created. The Wards claimed an implied easement based upon prior use, and the real property records contain no reference to this easement by prior use. The easement described by developer Cook in the Special Restrictions was referred to in the real property records.

Parties are free to pledge less than all of their assets to a lender, and the deed of trust contains no language to the effect that the Wards were not claiming the implied easement by prior use that they assert in the case under review. The deed-of-trust document addressed the question, "what real property are the Wards conveying in trust to secure the payment of their bank debt?" The deed of trust did not answer the question, "what is the nature and extent of the implied easement that the Wards are claiming and does this claimed easement extend beyond the easement described by developer Cook in the Special Restrictions recorded in the real property records?" The language of the deed of trust does not raise a genuine issue of material fact. For this reason, the court should not sustain the Hamricks' challenge to the summary judgment.

5

This court should overrule all of the Hamricks' issues and address the second and fourth issues raised by the Wards in their cross-appeal. To the extent the court does not do so, I respectfully dissent.


/s/    Kem Thompson Frost
Justice


Panel consists of Justices Frost, Jamison, and McCally. (Jamison, J., majority).