C. C. McMULLEN et ux., Appellants,

v.

L. D. KING, Appellee.

No. 1354.

Court of Civil Appeals of Texas, Corpus Christi.

March 30, 1979.

Rehearing Denied June 13, 1979.

Frederic Johnson, Sinton, James E. Klager, Corpus Christi, for appellants.

Milton W. Walton, Corpus Christi, for appellee.

## OPINION ON MOTION FOR REHEARING

BISSETT, Justice.

The appellants have raised matters in their motion for rehearing that relate to language in the original opinion concerning the subject of waiver. Because of the confusion caused by such language, we have withdrawn our original opinion and substitute this opinion for the original. The judgment of the trial court is affirmed and appellants' motion for rehearing is overruled.

This appeal is from a declaratory judgment which decreed that the appellants, defendants in the trial court, have no right or easement to cross the appellee's land. The issue to be resolved is whether the trial court erred in holding that there had been no implied dedication by the appellee of a private road for public use. We answer the question in the negative.

This appeal arises out of a law suit brought by L. D. King, hereinafter referred to as King, against C. C. McMullen and wife, Mary McMullen, hereinafter referred to as the McMullens, to declare that King was the fee owner of certain tracts of land in San Patricio County, Texas, over which the McMullens had no right or easement to cross. The McMullens filed a cross-action to establish either a prescriptive easement to, or an implied dedication of, a certain roadway crossing a portion of King's land. San Patricio County intervened and claimed a prescriptive easement across King's land in favor of the public. Trial was to the court, which rendered judgment for King in all respects. Findings of fact and conclusions of law were filed. The McMullens have appealed. San Patricio County, the intervenor, did not perfect an appeal.

The following drawing, which is not drawn to scale, illustrates the lands owned by the parties, the public roads and highways adjacent or in proximity thereto, and the location on the ground of the asserted easement:

At trial, evidence was introduced which showed the nature and extent of the use of the roadway in question dating back to the early part of this century. After the close of the evidence the trial court made detailed and comprehensive findings of fact. The findings which are relevant to this appeal are summarized, as follows: 1) King is the fee owner of the land upon which the alleged easement is located; 2) the asserted easement intersects the termination of the improved portion of a county road and winds through the King land and extends to the west boundary of the McMullen land; 3) the first use of the disputed strip of land as a roadway was made by the Jeter family after 1891; 4) the easement in question was used as a roadway by King, his predecessors in title, and by the McMullens, their predecessors in title, and their families, guests, and business invitees; 5) neither King nor his predecessors in title intended to dedicate the premises in question to public use; 6) "the public has not made any use" of the land in question; and, 7) the alleged easement does not extend beyond the (west) boundary of the McMullen land.

The McMullens, in oral argument before this Court, waived prescriptive easement as a theory of recovery. We, therefore, take no further notice of any of appellants' points of error insofar as they relate to this theory of recovery.

Basically, all of the points of error asserted by the McMullens in this appeal, with the exception of point 12, relate to legal sufficiency of the evidence. Points 1 and 2 challenge findings of the court on the grounds of no evidence. Points 3 through 11 challenge other court findings on the ground there was conclusive proof to the contrary. In disposing of these points, we follow the rule which requires us to view the evidence "in its most favorable light in support of the finding of the vital fact, considering only the evidence and the inferences which support the finding and rejecting the evidence and the inferences which are contrary to the finding." Calvert, "No Evidence" and "Insufficient Evidence" Points of Error, 38 Tex.L.Rev. 359, 364 (1960).

There is no evidence of an express dedication to the public of the easement in question. The McMullens' claim is based upon an implied dedication. They ask that we reverse the judgment of the trial court and render judgment "that there is a 20 foot wide roadway easement along the course" which is defined in their third amended cross-action "that has been dedicated to public use."

It is a well established principle of law that the landowner's intent to dedicate a strip of land for public use as a roadway, where not expressly delineated, may be implied from the owner's conduct. *Viscardi v. Pajestka*, 576 S.W.2d 16 (Tex.Sup.1978). The question of intent is a question of fact. *County of Calhoun v. Wilson*, 425 S.W.2d 846 (Tex.Civ.App.—Corpus Christi 1968, writ ref'd n. r. e.). In order to constitute a valid dedication by implication, it is essential that the landowner intends to devote the land in question to the use and benefit of the public, which intention must be clearly manifested, and an acceptance thereof by the public. *Greenway Parks Home Owners Ass'n v. City of Dallas*, 312 S.W.2d 235 (Tex.Sup.1958); *Owens v. Hockett*, 151 Tex. 503, 251 S.W.2d 957 (1952); *Hudson v. Gaines*, 501 S.W.2d 734 (Tex.Civ.App.—Corpus Christi 1973, no writ). As a general rule, a dedication of private property to a public use is never presumed, and in order

to establish such a dedication by implication, the same must be established by acts which evidence a clear and unequivocal intention on the part of the landowner to presently set aside a certain part of his land for use by the public. *City of Houston v. Cyrus W. Scott Mfg. Co.*, 45 S.W.2d 270 (Tex.Civ.App.—El Paso 1931, writ ref'd); *Aransas County v. Reif*, 532 S.W.2d 131 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). The intention to dedicate the land for use by the public must be shown by something more than an omission or failure to act or acquiescence on the part of the landowner. *Greenway Parks Home Owners Ass'n v. City of Dallas*, supra. There can be no private dedication of property to a public use. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196 (Tex.Sup.1962).

The land now owned by King was conveyed to Thomas A. Jeter by T. P. McCampbell, Trustee, in 1891. The Jeter family owned the land until 1958 when King purchased the same from the Jeter heirs.

The land now owed by the McMullens was purchased by S. L. Steagall from Robert L. Harris, et al., during the period 1906–1908. The land was later acquired by Walter Brauer and wife, Lula Lee Brauer, who sold it to the McMullens in 1946.

Substantially all of the evidence concerning the use of the strip of land in controversy deals with the use made by the parties' predecessors in title, their families, friends, guests, and business invitees. The Jeters lived in a house near the northwest corner of the land now owned by King. The record shows that they were the first to use the asserted easement as a roadway, and after the Steagalls purchased the land now owned by the McMullens, they (the Steagalls) also used the strip as a roadway. Such use was with the permission of the Jeters. It is clearly established that the Jeters were "old folks" in 1900, and no one paid much attention to roadways at that time. There is no evidence that the strip of land in question was being used by anyone as a roadway at or before the date the Jeters bought the land.

There is no evidence in the record that the strip of land, which the McMullens now claim was impliedly dedicated at some time in the far distant past as a public roadway, was, at the time of such dedication, a well-defined roadway. There is no evidence that the roadway which is defined in the McMullens' third amended cross-action is in the same location as the roadway used by the Jeters and the Steagalls in the late 1890's and the early 1900's.

We have carefully reviewed all of the evidence in this case. There is no evidence which shows as a matter of law, or which will support an inference, that Thomas A. Jeter, or his heirs, or King, the only relevant landowners of the land upon which the asserted easement is located, impliedly dedicated by their acts or omissions the roadway to a public use. The evidence shows that the use made of the roadway was made by a particular class of people, the Steagalls, their families, friends, guests and business invitees, and not by the public generally. The evidence does not establish a public use as a matter of law. Moreover, even if public use was conclusively established, there was no evidence that such use was anything but permissive in nature. The fact that the Steagalls and their successors in title used the roadway, without more, was not sufficient to raise a fact issue as to an intention to dedicate the roadway to use by the public.

The McMullens argue that the facts of this case bring it squarely within the rule set out in *Dunn v. Deussen*, 268 S.W.2d 266 (Tex.Civ.App.—Fort Worth, 1954, writ ref'd n. r. e.), and approved in *O'Connor v. Gragg*, 339 S.W.2d 878 (Tex.Sup.1960), wherein it was declared:

> "[a] presumption of acquiescence is raised when the origin of the user by the public and the ownership of the land at that time are shrouded in obscurity, and no evidence exists to show the intention of the owner in allowing the use . . . ."

This presumption does not apply to the case at bar. As already noted, there was hardly even a fact issue of whether the public had ever actually used the roadway in question. The trial court found that use of the roadway had always been non-public in nature, and there was an abundance of evidence to

support this finding. Furthermore, even if there was public use, there was no evidence introduced to show that the origin of the roadway or the ownership of the land upon which the roadway was situated at the time in question were shrouded in obscurity. On the contrary, it was conclusively established that the roadway had its origin sometime after 1891, and the affected land was, at that time, owned by Thomas A. Jeter. Therefore, there was no basis for any such presumption in this case.

Absent any evidence that any landowner, at any time, clearly and unmistakably intended to dedicate the roadway to the use of and by the public, the McMullens may not prevail on their theory of an implied dedication. Points 1 to 11 are overruled.

In view of our holdings, it is not necessary in order to dispose of this appeal that we decide the question raised in point 12. Moreover, even if we should hold that the finding to the effect that the roadway in question has "no definite boundaries" is against the great weight and preponderance of the evidence, as asserted in point 12, the McMullens did not ask for a reversal of the judgment and a remand of the cause for a new trial, and the point, as phrased, will not authorize a reversal and rendition.

The judgment of the trial court is AFFIRMED.