Opinion filed May 13, 2010

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-08-00099-CV

                                                    __________

 

                                      ROBERT
C. TICE, Appellant

 

                                                             V.

 

                 KURT HUNT
AND VELDENE CHAPMAN, Appellees

 



 

On
Appeal from the 266th District Court

 Erath
County, Texas

Trial Court Cause
No. CV28603



                                                              

                                            M
E M O R A N D U M   O P I N I O N

            This
case involves three roads:  Old Burns Road, New Burns Road, and Hunt Road and
Robert C. Tice’s rights of ingress and egress over them to reach his property. 
Tice’s only access involves crossing property owned by Kurt Hunt or Veldene
Chapman or both.  Hunt and Chapman wanted Tice to use Hunt Road rather than Old
Burns Road or New Burns Road to access his property, but Tice found Hunt Road to
be unsatisfactory.

Hunt
and Chapman filed this lawsuit to settle the dispute.  They asked the trial
court to declare that Old Burns Road was not a public road. Tice answered the
lawsuit and also sought his own declaration that Old Burns Road was a public
road by virtue of implied dedication and that he had an easement by estoppel
over New Burns Road.  There were other claims later waived or abandoned on
appeal.  When the trial court granted Hunt and Chapman’s motion for summary
judgment, it held that Old Burns Road was not public; that Old Burns Road had
not been dedicated to the public; and that, even if it had been dedicated, the
public had abandoned it.  The trial court also declared that Old Burns Road was
not burdened by a public easement, that Tice had no legal easement right to the
road, and that certain easement deeds that Tice received from third parties
were void.  The trial court entered a take-nothing judgment on Tice’s
counterclaim.  The trial court awarded attorney’s fees to Hunt and Chapman.

Even
if there were more than a scintilla of evidence that the Old Burns Road had
been a public road at one time, the summary judgment evidence conclusively
establishes that it was abandoned.  Furthermore, Tice did not respond to Hunt
and Chapman’s no-evidence motion for summary judgment with more than a
scintilla of evidence on at least one essential element of his easement-by-estoppel
claim.  The trial court did not err when it granted summary judgment in favor
of Hunt and Chapman.  We affirm.

The summary judgment evidence shows that, as long as anyone can remember,
the southerly end of the Old Burns Road began at Erath County Road 162.  The
road first crossed land belonging to Hunt and Chapman and also crossed the
property now owned by Tice and continued on across other property until it
reached, at its northerly end, Erath County Road 132.  Tice’s summary judgment
evidence shows that this road was used not only to reach Tice’s property and
other property along its route but also to reach County Road 132, which ran to
Huckabay and Pleasant Ridge.  Tice’s summary judgment evidence also shows that
at one time landowners, relatives, business invitees, and members of the public
traveled this road.  Some used the road to get to their own property located
along the road.  Others used the road to visit friends who lived along the
road.  Still others used the road in order to conduct business with those who
lived along the road.  The road was also used by those who lived along the road
and others as a way to connect County Road 132 with County Road 162.  Those who
testified that they lived along the road also testified that they knew some of
the people who traveled the road, and there were also those whom they did not
know.  People traveled the road in wagons, on horses, in vehicles, and on
foot.  None of the witnesses knew when that use started or who owned the
property at the time.  Nor did they know of anyone who knew those facts.








Hunt
and Chapman’s motion for summary judgment was based both on traditional and no-evidence
grounds.  We review the trial court’s summary judgment de novo.  Valence
Operating Co. v. Dorsett, 164 S.W.3d 656, 661 (Tex. 2005); Provident
Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 215 (Tex. 2003). 
A trial court must grant a traditional motion for summary judgment if the
moving party establishes that no genuine issue of material fact exists and that
the movant is entitled to judgment as a matter of law.  Tex. R. Civ. P. 166a(c); Lear Siegler, Inc. v. Perez,
819 S.W.2d 470, 471 (Tex. 1991).  To determine if a fact question exists, we
must consider whether reasonable and fair-minded jurors could differ in their
conclusions in light of all of the evidence presented.  Goodyear Tire &
Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007).  In order for a
defendant to be entitled to summary judgment, it must either disprove an
element of each cause of action or establish an affirmative defense as a matter
of law.  Am. Tobacco Co. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Sci.
Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997).  Once the
movant establishes a right to summary judgment, the nonmovant must come forward
with evidence or law that precludes summary judgment.  City of Houston v.
Clear Creek Basin Auth., 589 S.W.2d 671, 678‑79 (Tex. 1979).  When
reviewing a traditional summary judgment, the appellate court considers all the
evidence and takes as true evidence favorable to the nonmovant.  Am. Tobacco
Co., 951 S.W.2d at 425; Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d
546, 548‑49 (Tex. 1985).

When a motion for summary judgment contains no-evidence grounds under Tex. R. Civ. P. 166a(i), as well
as traditional grounds under Rule 166a(c), we first consider the no-evidence
claim.  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).  In
the motion for summary judgment that the trial court granted, Tice was the
nonmovant; and, because he was the nonmovant, he must produce summary judgment
evidence that raises a genuine issue of material fact as to each challenged
essential element of his cause of action in order to defeat the motion.  Id.
 If Tice failed to produce more than a scintilla of evidence that raised a
genuine issue of material fact regarding the existence of the challenged
essential elements, then the trial court did not err if it based its judgment
on the no-evidence allegations in the motion for summary judgment.  Id.;
see also Miller v. Elliott, 94 S.W.3d 38, 42 (Tex. App.—Tyler
2002, pet. denied).  

In
“Issue 1,” Tice maintains that “[t]he trial court erred in granting the Motion
for Summary Judgment.”  In his argument, Tice says that he “attacks and objects
to every possible basis which might support the trial court’s Order on
Plaintiffs’ Motion for No-evidence Summary Judgment and Traditional Motion for
Summary Judgment.  Appellant Tice respectfully attacks and objects to every
possible basis which might support the summary judgment motion and/or Appellees’
reply brief.”  Under this issue, no other arguments are made by appellant, and
appellant cites us to no authorities.  We overrule Issue 1.  See Tex. R. App. P. 38.1 (requisites of an
appellant’s brief).

In Issue 1a, Tice challenges the trial court’s summary judgment regarding
public dedication of the Old Burns Road.

Tice
argues that the property was impliedly dedicated to the public use.  Prior to
August 31, 1981, dedication of property to the public for a road could be
either express or implied.[1]  Gutierrez
v. County of Zapata, 951 S.W.2d 831, 837 (Tex. App.—San Antonio 1997, no
writ).  Whether a roadway has been dedicated is generally a question of fact.  Id. 
There is no claim that there was an express dedication of this road to the
public.  Therefore, if the use of the Old Burns Road was dedicated to the
public, it must have been by implication prior to August 31, 1981.

The
essential elements of a claim of implied dedication of property to the public
use are:  (1) the acts of the landowner induced the belief that the owner
intended to dedicate the road to the public use; (2) the owner was competent to
dedicate the road to public use; (3) the public relied on the acts of the owner,
and the interest of the public will be served by the dedication to it; and (4)
there was an offer by the owner and an acceptance of the dedication by the
public. Lindner v. Hill, 691 S.W.2d 590, 591 (Tex. 1985); County of
Real v. Sutton, 6 S.W.3d 11, 14 (Tex. App.—San Antonio 1999, pet. denied). 

Generally,
one must show more than an owner’s omission or failure to act or acquiesce in
order to show donative intent.  Baker v. Peace, 172 S.W.3d 82, 89 (Tex.
App.—El Paso 2005,  pet. denied).  Although not an exhaustive list, the El Paso
court has suggested these additional factors to consider when we determine
whether an owner has impliedly dedicated property to the public use:  “(1) permitting
public authorities to grade, repair, or otherwise improve the roadway; (2)
selling parcels of land from a plat or plan showing the roadway as a means of
access to the parcels; (3) construction of facilities for general public use;
(4) an express representation by the owner of a road to a land purchaser that
the way is reserved for public use; (5) fencing off the roadway from the
remainder of the land; or (6) obtaining a reduction in the purchase price
commensurate with the area of the roadway.”  Scown v. Neie, 225 S.W.3d
303, 310 (Tex. App.— El Paso 2006, pet. denied) (citing Baker, 172
S.W.3d at 88).  The point is to determine whether the actions or inactions of a
landowner are of such a nature as to show that he intended to donate the use of
the property to the public.

Tice
calls this the “general rule” but maintains that it is inconsequential to his
case.

While
Tice acknowledges the “general rule,” he argues that a corollary to that rule
is applicable to his claim.  That corollary is this: Where there is evidence of
long and continued use of the property by the public and when the origin of
that public use, and the ownership of the land at the origin of the public use,
are shrouded in obscurity and no proof can be produced to show the owner’s
intent when he allowed the use, a presumption arises that the requisite
intention and the acts disclosing it were present.  O’Connor v. Gragg,
339 S.W.2d 878, 883 (Tex. 1960); Dunn v. Deussen, 268 S.W.2d 266, 269
(Tex. Civ. App.—Fort Worth 1954, writ ref’d n.r.e.).  Tice’s position is, if he
presented more than a scintilla of evidence on each of the elements of this
corollary, then that gives rise to a presumption that the road had been
impliedly dedicated to the public use.  He further argues that the presumption,
when raised, meets the no-evidence challenge because it provides more than a
scintilla of evidence on each element of his implied-dedication claim.  Tice
maintains that a trial court cannot grant a no-evidence motion for summary
judgment after the presumption is raised.  He claims that he met that burden
and that the trial court should not have granted the no-evidence motion for
summary judgment on those grounds, if it did.  

We
will first determine whether Tice came forward with more than a scintilla of
evidence that raised a genuine issue of material fact as to each challenged
essential element of his claim that the road had been impliedly dedicated to
the public use.

            It
is important to remember that the posture of this case is one in which the
trial court granted summary judgment; it is not presented to us after a trial
on the merits.  As far as the no-evidence motion for summary judgment is
concerned, we are not to decide whether at one time the Old Burns Road was
impliedly dedicated to the public.  Rather, we are to decide only whether Tice
has presented more than a scintilla of evidence that it was.  By this no-evidence
summary judgment claim, Hunt and Chapman challenged Tice’s ability to produce
more than a scintilla of evidence on each essential element of his implied
dedication claim. When Tice presented the evidence of public use that raised
the rebuttable presumption of implied dedication, he successfully met the
challenge.  Hunt and Chapman could present those factors mentioned in Scown,
225 S.W.3d at 310, and in Baker, 172 S.W.3d at 88, in a trial on the
merits to rebut the presumption of dedication.  But, this was a no-evidence
summary judgment setting.  The trial court erred if it granted the no-evidence summary
judgment on the implied-dedication claim.

If
we next consider the possibility that the trial court entered the summary
judgment based upon the traditional grounds alleged in it, we reach the same
result. Tice is the nonmovant, and we are required to consider all of the
evidence and to take as true evidence favorable to the nonmovant.  Am.
Tobacco Co., 951 S.W.2d at 425.  Because, by virtue of the presumption,
there is more than a scintilla of evidence to support Tice’s claim of implied
dedication and because Hunt and Chapman have not disproved any element of the
implied dedication claim as a matter of law, Tice’s Issue 1a is sustained.  We
are not holding that the Old Burns Road is or is not a public road.  What we
are holding is that a fact issue exists as to whether the road had been
impliedly dedicated to the public use.  The trial court erred if it granted the
summary judgment upon this ground.

            In his
Issue 1d, Tice argues that the trial court erred when it held that, if Old
Burns Road was public at one time, it had been abandoned.  

It
has long been the law that abandonment of property previously dedicated to the
public use occurs when the use for which the property was dedicated becomes
impossible or so highly improbable that such use is practically impossible. 
Abandonment also occurs when the use for which the property was dedicated
wholly fails.  Adams v. Rowles, 228 S.W.2d 849, 852 (Tex. 1950); Griffith
v. Allison, 96 S.W.2d 74, 77 (Tex. 1936).

            It
was conclusively established by the summary judgment evidence that at least by
sometime in the 1950s a fence was constructed so that the Old Burns Road could
no longer be used to access County Road 132.  After that time, no one could
enter County Road 132 by using the Old Burns Road, and no one could use the Old
Burns Road to reach County Road 162 from County Road 132.  Therefore, after
this time, the public no longer used the road as a means of access between
County Roads 162 and 132; there would have been no use of the road by the
general public.  Further, the summary judgment evidence conclusively shows that
there were gates on the Old Burns Road and that the entry to the Old Burns Road
on the south had been locked “for the last long time” and at least since the
1980s; selected persons had keys to this gate.  The summary judgment evidence
conclusively shows that the only use of the road after it had been fenced on
the northerly end would have been by landowners, their families, their friends,
and their business invitees, not the general public.  See McMullen v. King,
584 S.W.2d 706, 709 (Tex. Civ. App.—Corpus Christi 1979, writ ref’d n.r.e.)
(evidence reflected that the use was “by a particular class of people, [the
landowners], their families, friends, guests and business invitees, and not by
the public generally”).

            Hunt
and Chapman argue that there is another reason to uphold the trial court’s
judgment of abandonment.  They refer us to Tex.
Transp. Code Ann. § 251.057 (Vernon 1999).  That provision governs the
abandonment of county roads.  In view of our holding regarding common-law abandonment,
we need not decide whether the statute applies to the type of roads involved in
this case.  We overrule Tice’s Issue 1d.

In
his Issues 1b through 1c(2), Tice argues that he raised fact issues to show
that he had easements by estoppel across the land of Hunt and Chapman. We
disagree.  

The
summary judgment evidence shows that Tice wanted to move at least a portion of
the Old Burns Road so that he could avoid a “bog hole” and have better and
easier access to his property.  He asked Chapman’s nephew for permission to
make the change.  After checking with Chapman, the nephew conveyed Chapman’s
permission to Tice.  Tice made the new route.  This new route was the New Burns
Road.  To use it, one enters the Old Burns Road at its intersection with County
Road 162 and travels next on the road as Tice moved it until it re-converges
with the Old Burns Road.

            The
Old Burns Road entered Hunt’s property on his western boundary line close to
his house, and he wanted to move it.  He constructed a new road, the Hunt Road,
on the eastern boundary line of his property.  There was no longer any access
to Tice’s property or any other property down the Old Burns Road.  Instead, the
landowners to the north who needed access to their properties shared in the
cost of the new Hunt Road and, in exchange, were given easements to the new
road.  Tice chose not to participate.

An
easement appurtenant to land is an interest in land and, with some exception,
can be created only in writing.  Drye v. Eagle Rock Ranch, Inc., 364
S.W.2d 196, 203 (Tex. 1962).  Easements that arise by estoppel are one
of those exceptions.  Id.  

            The
exact nature and extent of the doctrine relating to easements arising from
estoppel in pais has not been clearly defined.  Storms v. Tuck,
579 S.W.2d 447, 451 (Tex. 1979); Cleaver v. Cundiff, 203 S.W.3d 373, 376
(Tex. App.—Eastland 2006, pet. denied).  Generally, the doctrine is used as an
exception to the statutes that require such things to be in writing.  Storms,
579 S.W.2d at 451.  The goal sought to be achieved through these types of
easements is “to prevent injustice and to protect innocent parties from
fraud.”  Id.  

The Drye court also noted that the exact nature and extent of the
application “of the doctrine of estoppel in pais have not been clearly
defined.”  Drye, 364 S.W.2d at 209   But, the court also
noted that there are some definite categories of suits involving land where the
doctrine has been applied.  Id.  The court wrote, “Outside of these
particular groups, however, the authority for its application is rare and
nebulous.”  Id.  The court then goes on to discuss the types of cases in
which the doctrine has been applied.  Most notably, it has been applied to
situations arising from the dedication of streets, alleys, or squares.  Id. 
The court also recognized cases where an owner sells land with reference to a
plat or map that shows streets, alleys, squares, and like areas.  Id. at
210.  The seller is estopped to deny the existence of those areas when a purchaser
relies on those representations in buying and making improvements to the
property.  A third scenario noted by the court in Drye is that in which
a purchase is made and the land “is described in the deed as bounded by
a street or way.”  The grantor cannot deny the existence of the street or way. 
Id.  Yet another area in which the doctrine is applied is that which
arises when a seller allows a purchaser to spend money on the servient tract.  Id.
 In this regard, the court in Storms noted in the latter class of
cases that it is generally the situation that the owner of the servient estate
has made a verbal promise to convey an easement, has said that an easement exists
when it did not, or has a duty to speak but does not, and the other party
spends funds making improvements.  Storms, 579 S.W.2d at 453.

Generally,
the following factors are considered to be required in an easement-by-estoppel
claim:  (1) a representation was communicated to a promisee; (2) the
communication is believed by the promisee; and (3) the promisee detrimentally
relied on the communication.  Storms, 579 S.W.2d at 451.[2]

Tice
presented no summary judgment evidence that any representations were made in
this case.  The only communication was that Chapman gave her permission for
Tice to move the road.  As this court said in Cleaver, permission
implies the right to revoke that permission.  Cleaver, 203 S.W.3d at 377. 
Implicit in all of the cases is the notion that the representation must have
been to the effect that there either was an easement or that there would be an
easement.  We recognize that those representations can be made by action or
inaction.  Drye, 364 S.W.2d at 209-10.  However, Tice has
presented no summary judgment evidence that any of those types of
representations were made in this case.  Tice has not produced even a scintilla
of evidence that any kind of representation was made to him relative to an
easement that he either had or was to receive.  He places reliance on the
summary judgment evidence that shows that, when he sought Chapman’s permission
to move a portion of the Old Burns Road to construct the New Burns Road, she
gave him that permission.  But, the record shows just that, permission.  There
was no summary judgment evidence that anyone ever represented to Tice, by
actions or otherwise, that he either had or would receive an easement on either
the Old Burns Road or the New Burns Road.  Tice’s claims that he produced more
than a scintilla of evidence to establish an easement by estoppel under Cleaver,
203 S.W.3d 373; Wallace v. McKinzie, 869 S.W.2d 592 (Tex. App.—Amarillo
1993, writ denied); Holden v. Weidenfeller, 929 S.W.2d 124 (Tex. App.—San
Antonio 1996, writ denied); and Stallman v. Newman, 9 S.W.3d 243 (Tex.
App.— Houston [14th Dist.] 1999, pet. denied), likewise fail because
representations are required in each of those cases, and there was no evidence
presented that any were made.

Because
there is not even a scintilla of summary judgment evidence that any such
representations were made, reasonable and fair-minded jurors could not differ
in their conclusions on the issue of easement by estoppel in light of all of
the summary judgment evidence presented.  We overrule Tice’s estoppel Issues 1b
through 1c(2).

Tice states that Issues 1e and 1f (regarding third party easement deeds
and easement by necessity) are not necessary to his case.  Therefore, we will
not address those issues.  See Tex.
R. App. P. 47.1 (opinion to address issues necessary to final
disposition of appeal).

Finally,
in Issue 2, Tice argues that the trial court awarded attorney’s fees to Hunt
and Chapman in an amount greater than they asked for in their pleadings and
that he was, therefore, surprised.  Tice cites us to no authority in this
issue, and it is overruled.  See Tex.
R. App. P. 38.1 (requisites of an appellant’s brief).

We
affirm the judgment of the trial court.

 

 

                                                                                    JIM
R. WRIGHT

                                                                                    CHIEF
JUSTICE

 

May 13, 2010

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]The legislature abolished common-law implied
dedications of public roads for counties with a population of 50,000 or less
beginning August 31, 1981, the effective date of Tex. Rev. Civ. Stat. art. 6812h (1981), now codified at Tex. Transp. Code Ann. § 281.003(b)
(Vernon 1999).  However, the statute was not made retroactive.

 





[2]We are aware of those cases in which discussion is
directed at whether there is a requirement that a vendor/vendee relationship
must be shown in order to establish an easement by estoppel.  We find it
unnecessary to reach that question in this case.  See Mack v. Landry, 22
S.W.3d 524 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (discussing treatment
of the issue in the intermediate appellate courts).